WILLIAM E. POWERS, ATTORNEY GENERAL, *ex rel.* CLINTON L. DAVIS *vs.* HAILES L. PALMER.

APRIL 20, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

PER CURIAM. This is a petition in equity in the nature of quo warranto commenced under the provisions of general laws 1938, chapter 585. It was brought by the state through the attorney general at the relation of Clinton L. Davis of the city of Warwick to determine whether the relator or the respondent Hailes L. Palmer is entitled to the office of police commissioner of such city.

The petition raises only questions of law and the adversary parties therefore have filed an agreed statement of facts. These are in part as follows:

"2. That in January 1953 the membership of the board was as follows:

Daniel G. O'Brien, Jr. for the term expiring January 1955

Edward Devine for the term expiring January 1957

Edward B. Ryder for the term expiring January 1957

3. That the said Edward B. Ryder died on October 7, 1954.

4. That a vacancy was created in the membership of the Board of Police Commissioners by the death of the said Edward B. Ryder.

5. That at the general election on November 2, 1954, a mayor and a majority of the members of the City Council then elected were members of the Democratic party, and prior thereto the mayor and majority of the City Council were members of the Republican party.

6. That the official records of the City Council of the City of Warwick record that on December 29, 1954 the respondent, Hailes L. Palmer, was nominated by the

mayor and confirmed by a majority of the City Council as Police Commissioner for the term ending. January 1957, to fill the unexpired term of Edward B. Ryder, by the administration then in office.

7. That the said Hailes L. Palmer duly qualified as a member of the said Board of Police Commissioners and has been performing the duties and exercising the powers of Police Commissioner to date.

8. That the city officials elected at the general election on November 2, 1954 took office on January 3, 1955.

9. That the term of Daniel G. O'Brien, Jr. as Police Commissioner terminated January 3, 1955.

10. That Albert W. George was appointed Police Commissioner for the term expiring January 1959, to succeed the said Daniel G. O'Brien, Jr.

11. That on January 3, 1955, Clinton L. Davis was nominated by the new Mayor and confirmed by a majority of the new City Council for the term expiring January 1957 and was duly sworn in by the mayor on the same day, and that a certificate of his appointment was received from the City Clerk by him but has been prevented from performing the duties and exercising the privileges of Police Commissioner by the said Hailes L. Palmer."

Broadly speaking it is the relator's contention that the appointment on December 29, 1954 by the former administration to fill a vacancy in the office of police commissioner was only an interim appointment; that such appointment under the charter is merely for the period from December 29, 1954 until the next following municipal election of such officers; and that such municipal election took place on January 3 next following a *general* election by the people, when a new administration usually would select municipal officers to conduct the city's business, including the filling of any vacancies that then legally existed. On the other hand it is respondent's claim in substance that, under the provisions of the city charter, he was properly appointed, since the outgoing administration acted to fill the above vacancy

prior to qualification of the new administration on January 3, 1955; and that he was entitled to serve for the entire unexpired term of the commissioner who had died, that is, until January 1957.

The charter of the city of Warwick was enacted by the general assembly March 13, 1931, being public laws 1931, chapter 1852. The entire act is not pertinent to the questions raised here, but sec. 8, clause 3, and sec. 10 should be noted. These portions of the charter read as follows:

"Sec. 8. * * *

Clause 3: * * * The city council in the month of January next ensuing the election held on the first Tuesday after the first Monday of November, in the year A. D. 1932 and quadrennially thereafter shall elect two members of the board of tax assessors and two members of the board of police commissioners, each for the period of four years, and until their successors are elected and qualified; and in the month of January next ensuing the biennial election in the year 1934, and quadrennially thereafter, the city council shall in like manner elect one member of the board of tax assessors and one member of the board of police commissioners, each for a term of four years, and until their successors are elected and qualified. * * *"

"Sec. 10. Whenever a vacancy shall occur in any city office, excepting the office of mayor or city councilman or school committee member, by death, removal out of the city, resignation, or neglect to qualify, the city council may fill the same until the next municipal election for such officers."

The respective parties have called to our attention certain legal principles and specific authorities which are helpful but they do not answer the basic question now before us. It is clear that the questions raised here must be decided by the construction which the court places upon the language in the Warwick charter relating to the filling of certain vacancies in city offices, more particularly as set out in sec. 10 above quoted. In our judgment such section should be read in connection with other pertinent parts of that charter

and also should be construed so as to give, so far as possible, reasonable meaning and effect to all parts of the section in question. Further the words used therein should be given their usual and ordinary meaning. Only by so doing can we ascertain the legislative intent.

In that respect some aid may be obtained from language used in certain acts passed by the same legislature at approximately the same time the city charter of Warwick was enacted. In those acts the general assembly knew how to express itself when it intended to provide for the filling of vacancies in an office for the balance of an unexpired term, and they did so in clear language. For example, in P. L. 1931, chap. 1836, an act creating a board of canvassers and registration for the city of Newport, the following pertinent language appears: "In case any person elected as a member of said board shall decline to serve, or neglect to qualify, or a vacancy shall occur in said board for any cause, said office or vacancy shall be filled by the representative council for the term of said office or unexpired term." Again in P. L. 1931, chap. 1818, which established a board of police commissioners for the city of Central Falls, the following provision was included: "In case any vacancy shall occur in said board for any cause, the governor shall appoint some person to fill such vacancy for the remainder of the term." And to show a consistent pattern of legislative language when authorizing appointments for an unexpired term, see the recent workmen's compensation act, P. L. 1954, chap. 3297, article III, secs. 3 (c) and 3 (h).

While those acts are not necessarily controlling they help to understand how the legislature acted when it plainly intended to provide for filling a vacancy for the balance of an unexpired term. The power to fill vacancies, as set out in the Warwick charter, is clearly more limited and restricted than in the above-mentioned acts. The charter here contains the following language: "Whenever a vacancy shall occur in any city office, excepting the office of mayor or city councilman or school committee member, by death,

removal out of the city, resignation, or neglect to qualify, the city council may fill the same until the next municipal election for such officers." Obviously that language discloses an intent to provide something different from an appointment and election *for the unexpired term.* From the time the charter went into effect police commissioners have been named regularly in rotation for four-year terms starting in January next following the general election held on the first Tuesday following the first Monday of November.

The vacancy in the present office occurred upon the death of a police commissioner on October 7, 1954. A general election was held during the next month. The outgoing council on December 29, 1954 purported to confirm respondent's selection for the unexpired term. However, on January 3, 1955 the new city administration met to qualify and to discharge their duties, including the election of such municipal officers as were provided for under the charter. Accordingly they selected the relator for the unexpired term.

We are unable to follow the law argued to us by respondent and upon which he relies in construing the provisions of the city charter of Warwick in relation to the correct manner of filling the vacancy in the office here in question. As we construe the provisions of sec. 10, *supra,* it was intended that an existing city council could fill such vacancy only for an *interim period* lasting until the date of *"the next municipal election for such officers,"* including that of police commissioner. (italics ours) Under the facts appearing here, that date would be January 3, 1955. However, on or after that date the vacancy could properly be filled for the balance of the unexpired term by the new city administration coming into office.

After considering the material provisions of the charter of the city of Warwick now before us, it is our opinion that the outgoing city administration did not have authority to fill such vacancy for the balance of the entire unexpired term of the deceased commissioner. At most it was author-

ized to fill such vacancy for an interim period only. In other words such appointment was intended to be for an interim period as specifically set out in the charter, that is, until the next municipal election for such officers to administer the city's affairs, including the filling of any existing vacancies. Here that date was January 3, 1955 when the new city administration came into office and ordinarily would then elect such municipal officers.

For the reasons stated we decide that the relator Clinton L. Davis on January 3, 1955 was properly elected to the office of police commissioner to fill the unexpired term of Edward B. Ryder, deceased, that is, until January 1957; that said Clinton L. Davis is legally entitled to that office and to exercise the authority thereof; and that the respondent Hailes L. Palmer now has no valid title to such office, is not entitled thereto, and is excluded from exercising any of the rights or privileges of the office of police commissioner of the city of Warwick.

The petition is granted, and on April 27, 1955 a decree in accordance with this opinion may be presented for entry by the court.

*William E. Powers*, Atty. Gen., *Archie Smith*, Ass't Atty. Gen., for state.

*Israel Moses*, for relator.

*Thomas H. Needham, Hailes L. Palmer, pro se,* for respondent.