341 A.2d 53.

GEORGE E. CARTER, JR. *vs.* CITY OF PAWTUCKET *et al.*

JULY 15, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on cross-appeals filed by the plaintiff and the defendant-city of Pawtucket.

The pertinent facts are as follows. On October 27, 1969, plaintiff's eligibility for appointment to the position of firefighter in the city of Pawtucket was confirmed by Mr. George F. Morris, the then personnel director for the city. Mr. Carter's name and the names of 11 other candidates were placed on an eligibility list dated January 29, 1970. During the 7 months which followed the creation of this list, nine of the 12 eligibles on this list were appointed to positions as firefighters. Mr. Carter was one of the three remaining candidates who had not been appointed by the close of the calendar year 1970. In the fall of 1972, upon learning of an expected vacancy in January 1973, the personnel director announced a new examination and the formation of a new eligibility list. He presumed that the January 1970 list on which plaintiff's name appeared became ineffective 1 year after its creation. Thus, plaintiff was notified in May 1972 that his eligibility had terminated in January 1971. To requalify he would have had to submit a new application

and take a new examination. He did not do so. When appointments were made in January 1973, Mr. Carter was not among the appointees. Shortly thereafter plaintiff filed in the Superior Court a complaint wherein he alleged that his rights under the city charter and personnel rules had been denied and that he was thereby entitled to injunctive and declaratory relief and money damages.

A preliminary injunction was issued pending the outcome of a trial on the merits by which the city was prohibited from filling the first available position for firefighter. After a jury-waived trial, an order was entered permanently enjoining the city from appointing any person to the position of firefighter until plaintiff would be appointed to said position. The trial judge specifically refused to enjoin further examinations and the creation of new eligibility lists. He also denied plaintiff's prayer for declaratory relief and claim for damages. The defendant-city appealed and plaintiff Carter cross-appealed from that portion of the order denying his prayer for declaratory relief and money damages. Upon motion by the city, this court stayed enforcement of the order but further ordered that one position for firefighter be kept open pending the outcome of this appeal.

As its sole argument for dissolution of the injunction, defendant urges that under the pertinent provisions of the city charter and personnel rules, the list on which Mr. Carter's name appeared had properly expired. It argues further that having failed to reapply upon receiving notice of the termination of his eligibility, Mr. Carter was properly excluded from the new list which became operative in January 1973. In short, the city maintains that at all times it acted properly and in strict accordance with the city charter and personnel rules.

Section 7-104 of the Charter of the City of Pawtucket reads in part:

> "The regulations shall provide for:
> * * *

> "(6) The establishment of eligible lists for appointment and promotion, upon which lists shall be placed the names of successful candidates in the order of their relative excellence in the respective examinations. *Such lists shall continue in force for at least one year from the date of their establishment and thereafter until exhausted or replaced by more recently prepared lists.*" (Emphasis supplied.)

In an attempt to carry out this directive, the city's division of personnel promulgated Rule VII of the Personnel Rules & Regulations. The relevant portion of that rule provides:

> "Section 2. *The duration of each employment list shall begin with the date on which it is established and shall continue for one year thereafter * * *.*"

Mr. Morris testified that it was this section of Rule VII which prompted him to terminate plaintiff's eligibility in January 1971.

A simple comparison of Rule VII with the enabling language of the charter quoted above indicates that the rule is, in fact, inconsistent with the directives of the parent provision. While the former specifically requires the *termination* of any list upon the passage of 1 year, the latter requires the *continuation* of any list beyond a 1-year minimum until such list is exhausted or replaced. The promulgation of rules such as this one is intended as an exercise of a portion of the state's sovereignty which has been delegated to the municipality by way of the city charter. Such delegated authority may be exercised only to the extent of the power conferred. *Andruzewski v. Smith,* 105 R. I. 463, 467, 252 A.2d 914, 916 (1969). Insofar as Rule VII of the Personnel Rules & Regulations is inconsistent with the enabling language of §7-104 of the charter, it exceeds the extent of the power conferred. Therefore, in scrutinizing the actions of the agents of the

city of Pawtucket regarding plaintiff's eligibility for the position of firefighter, this court is compelled to look beyond the provisions of Rule VII and apply the bare provisions of the charter quoted above.

It is the accepted rule that the provisions of city charters should be construed so as to give, so far as possible, reasonable meaning and effect to all parts of the section in question. Further, the words used therein should be given their usual and ordinary meaning. *Powers ex rel. Davis* v. *Palmer,* 83 R. I. 80, 83-84, 113 A.2d 374, 376 (1955). When we apply these principles to the relevant passage of the Charter of the city of Pawtucket it becomes apparent that what is intended thereby is that any eligibility list shall exist for at least 1 year. In the event that any such list is exhausted it may be replaced before the expiration of a full year. If such a list is in effect beyond 1 full year it shall remain in effect until actually replaced by a new list. In the latter case, one who has earned a place on an eligibility list is entitled to be considered for appointment as vacancies arise until such time as a new list is created. In the present case, Mr. Carter was one of three persons remaining on the list created in January 1970. Mr. Morris admitted at trial that that list was not actually replaced until January 1973. Mr. Morris also admitted that during this interim a vacancy became available when a member of the department retired. The plaintiff, therefore, being one of three persons on an effective eligibility list at a time in 1972 when a vacancy existed, was entitled to consideration for appointment to that vacancy. That is, pursuant to §7-104(8) of the city

charter,[1] his name and the names of the other two eligibles should have been certified to the appointing authority by the personnel director as the three persons standing highest on the appropriate eligible list.

The plaintiff is not, as he urges and as the Superior Court order seems to indicate, entitled to appointment as firefighter. Rather, for the reasons stated herein, he is entitled only to have his name certified, along with the remaining names on the list prior to January 1973, to the appointing authority. Relying on a claim of a right to employment as a firefighter, plaintiff argues that the trial justice should have awarded him damages for loss of wages on the basis of what he might have earned if he had been so employed. Since the final choice of a firefighter from the list of certified names remains with the personnel director, and this choice has not been made, we do not reach the question of plaintiff's claim to lost wages at this time.

The appeal of the plaintiff is denied and dismissed, the appeal of the defendant-city of Pawtucket is denied in part and affirmed in part, and the case is remanded to the Superior Court for the entry of a new order in accordance with this opinion.

*James L. O'Neill*, for plaintiff.

*Gerald J. Pouliot*, Asst. City Solicitor of Pawtucket, for defendant.

---

[1]The Charter of the city of Pawtucket, §7-104(8) reads, in pertinent part, as follows:

"Contents of regulations.

"The regulations shall provide for:

* * *

"(8) The certification of the three persons standing highest on the appropriate eligible list to fill a vacancy * * *"