404 A.2d 72.

FRANKLIN D. ALGIERE *vs*. JOHN J. FOX *et al.*

JULY 25, 1979.

PRESENT: Bevilacqua, C.J.; Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   This case is before us on appeal from a judgment of the Superior Court for the County of Washington denying the plaintiff's request for declaratory and injunctive relief.

Following the adoption of the Westerly Town Council of a budget for the fiscal year 1979-80, plaintiff, purportedly in conformity with the provisions of §3-1-5(b) of the charter of the town of Westerly, circulated a petition to "contest, reject and delete all budgetary appropriations." This petition challenged each and every item of the budget and sought in essence to present to the voters the question of whether this budget or no budget should be adopted. No alternative appropriations were suggested in respect to any of the challenged items. The plaintiff obtained more than 200 signatures of qualified electors in support of his petition and submitted the petition to the town clerk for attestation of filing. Thereafter plaintiff filed the petition with the Westerly Board of Canvassers (the board) which refused to submit said petition to the voters of the town by way of referendum. The plaintiff then brought action in the Superior Court

against defendants in their capacities as members of the board. After hearing on May 2, 1979, the trial justice held that this petition did not conform to the provisions of the charter of the town of Westerly and that plaintiff was not entitled to the relief sought against the board. The trial justice accordingly entered judgment for defendants. This appeal ensued.

Both parties are in agreement that the Superior Court appropriately assumed jurisdiction over this controversy and that the matter is properly before us on appeal from the judgment of that court. There is no doubt that this court has jurisdiction to decide the merits of this dispute. Because of the significant public interest involved, we shall not question the route by which this case comes before us, though we leave open the issue of whether alternative methods of review of the board's decision may have been preferable until a more concrete controversy on this issue is presented to us. For the present, we shall assume the correctness of the parties' jurisdictional agreement and shall proceed to examine the merits of the controversy.

The pertinent portion of §3-1-5(b) of the charter of the town of Westerly reads as follows:

"(b) Within eight (8) day [sic] of the publishing of the budget any item or items (the appropriation for any department, office, or purpose) may be contested by means of a petition for change signed by two hundred (200) or more electors qualified to vote on financial matters of the Town. Such petition may be instituted by any qualified elector, but prior to being circulated for signatures, such petition shall be filed with the Town Clerk who shall attest to the filing and affix the seal of the Town. If no petition for change is presented before the expiration of this period, the budget as proposed by the Council shall be considered as adopted."

The foregoing provisions should be considered in conjunction with the terms of §3-1-5(c) which is set forth in relevant part as follows:

"The majority of the qualified electors voting at such a referendum shall determine whether the proposed budget shall or shall not be amended as proposed by any valid petition for change. If more than one petition for change affects the same appropriation, a plurality of those qualified electors voting shall determine the amount of such appropriation that will become a part of the adopted budget."

In the event that a real or seeming ambiguity is perceived in reading the language of a statute, this court will attempt to ascertain the intention of a legislative body from a consideration of the entire statute, keeping in mind its nature, object, language and arrangement. *Zannelli* v. *Di Sandro*, 84 R.I. 76, 121 A.2d 652 (1956). This doctrine is, of course, applicable to the ascertainment of the intent of the framers of a municipal charter. *See Carter* v. *City of Pawtucket*, 115 R.I. 134, 341 A.2d 53 (1975).

Applying this doctrine to the pertinent provisions of the Westerly charter, resolution of any ambiguity would be achieved by considering in connection with the above-quoted sections the terms of §3-1-6 of the charter which provide:

"A copy of the budget, as finally adopted by the Council, or *as amended by referendum*, shall be certified by the Town Clerk and filed in the office of the Town Treasurer[.] Sufficient copies shall be made available by the Town Clerk for the use of all officers, departments and agencies, and for the use of interested persons." (Emphasis added.)

A reading of these provisions in pari materia discloses a clear and unequivocal intent. The framers of the Westerly charter contemplated that a taxpayer with the approval of 200 qualified electors might challenge one or more items in the budget by a "petition for change." The totality of these provisions, however, clearly indicates the contemplation of the framers that this challenge would be by way of proposing an alternative which would effectively give the voters a choice between an item as proposed by the council in the

budget and an item as proposed in the "petition for change." The ultimate result of the challenge would be to give the voters a choice between an item proposed by the council and an item proposed by the petitioning taxpayer.

The provision clearly does not contemplate a zero budget being proposed as an alternative to the budget adopted by the council. Thus, the petitioning taxpayer would have the responsibility of suggesting a rational, positive choice to the voters of the town, as opposed simply to seeking to disapprove or extinguish each and every budgeted item as plaintiff has sought to do here.

Where more than one interpretation is possible, this court will not impute to the Legislature an intent which would achieve unreasonable consequences. *Town of Scituate* v. *O'Rourke*, 103 R.I. 499, 239 A.2d 176 (1968). It is reasonably apparent that submitting a question which calls upon the voters of the town of Westerly either to accept the budget as proposed by the council or to reject it and end up with no budget at all would be to pose a question to which a negative answer would constitute an absurd result. This absurdity is particularly apparent in light of the fact that the charter makes no provision for a new budget submission after such a referendum. Indeed, §3-1-6 of the charter clearly contemplates that after the referendum, the budget as adopted by the council "*or as amended by referendum,* shall be certified by the Town Clerk and filed in the office of the Town Treasurer." (Emphasis added.) Thus, it is anticipated that at the conclusion of the referendum, a viable budget will have been finally adopted either as proposed or as amended. No provision is made in the event that no budget at all should be adopted and, consequently, a zero budget is not anticipated or provided for. Therefore, the "petition for change" as filed by the plaintiff was not in accordance with the terms of the charter of the town of Westerly and did not pose a question or questions which could properly be submitted to referendum.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the case is remanded to the Superior Court.

*Vincent J. Naccarato*, for plaintiff.

*John R. Payne, Jr.*, for defendant.