In re DINA N.

No. 82–295–M.P.

Supreme Court of Rhode Island.

Jan. 28, 1983.

Michael D. Coleman, Child Advocate, Providence, for petitioner.

John Edward Farley, Chief Legal Counsel, Dept. for Children and Their Families, Providence, for respondent.

OPINION

BEVILACQUA, Chief Justice.

This is a petition for a writ of habeas corpus wherein the petitioner, Dina N., a juvenile, asserts that her detention at the Rhode Island Training School for Youth (the Training School) by order of the Family Court constitutes a violation of G.L. 1956 (1981 Reenactment) § 14–1–11, as amended by P.L. 1981, ch. 184, § 1.

Dina N., age sixteen and approximately seven and one-half months pregnant at the time this case was presented in the Family Court, has never been charged with a delinquent, wayward, or status offense. Because of her father's inability to care for her, she was committed to the custody of Child Welfare Services (the predecessor agency of the Department for Children and Their Families (the DCF)) on March 3, 1977, as a dependent child. (Her mother died on November 20, 1975.) The DCF arranged several placements for Dina from which she repeatedly ran away.

On May 24, 1982, Dina was taken to Transition House, a group home for girls in

Woonsocket, Rhode Island, where she was placed by order of the Family Court. She ran away the same day. Dina appeared before a justice of the Family Court on June 3, 1982 and, upon her refusal to return to Transition House, he ordered her detained at the Training School pending a hearing on June 17, 1982. Dina remained at the Training School after the denial of the child advocate's request for her immediate release and the continuance of the case until June 22, 1982.

At the hearing on June 22, 1982, the DCF made a motion to adjudge Dina in contempt of the court's prior placement orders. The trial justice found Dina in contempt and remanded her to the Training School until she agreed to return to Transition House or any other appropriate placement arranged by the DCF. The judge also denied the child advocate's renewed motion for Dina's immediate release.

The sole issue presented, one of first impression, is whether a juvenile nonoffender may be detained at the Training School despite the provisions of § 14–1–11 based on a Family Court justice's finding of contempt for violating prior placement orders of the court.

■ At the time of oral argument, however, the issue was moot. Dina was removed from the Training School and was placed in the RCA alternative program, a secure facility housing only status offenders and dependent children. As a general rule we will not consider moot, abstract, academic, or hypothetical questions. The court will only address real issues in dispute. See, e.g., Perry v. Petit, 116 R.I. 89, 352 A.2d 396 (1976); Ramsdell v. Kiely, 111 R.I. 1, 298 A.2d 144 (1973). This rule, however, is not without exception. If the issue is one of extreme public importance and is capable of repetition but evades review, the court will consider it although the question is

technically moot. E.g., Morris v. D'Amario, R.I., 416 A.2d 137, 139 (1980); Mello v. Superior Court, 117 R.I. 578, 581, 370 A.2d 1262, 1263 (1977). Juvenile nonoffenders are currently incarcerated at the Training School under circumstances similar to this case. It is likely that they will be removed prior to a hearing in this court regarding the legality of their incarceration. We find, therefore, that the issue presented by this case falls within the exception to the general rule, and we shall accordingly address the question placed before us.

■ The construction of statutes is a matter reserved for the courts. See Rule v. Rhode Island Department of Transportation, R.I., 427 A.2d 1305, 1310 (1981); Statewide Multiple Listing Service, Inc. v. Norberg, 120 R.I. 937, 940, 392 A.2d 371, 373 (1978). The Supreme Court, as the highest court in the state, is the final arbiter of questions of statutory interpretation. When the language of the statute in question is clear and unambiguous and does not contradict an evidence legislative purpose, there is no need for statutory construction and the use of interpretative aids. The statute must be applied literally by giving the words their ordinary and plain meaning. E.g., Citizens for Preservation of Waterman Lake v. Davis, R.I., 420 A.2d 53, 57 (1980); Gomes v. Rhode Island State Board of Elections, 120 R.I. 951, 956, 393 A.2d 1088, 1090 (1978). This proposition applies to the statutory provision involved in the case at bar, § 14–1–11.

■ Section 14–1–11[1] provides that "[n]o child shall be ordered detained at the training school, unless there is pending against such child a petition setting forth such facts which would constitute a felony or misdemeanor if committed by an adult." A reading of the statute clearly prohibits incarceration in the Training School of juveniles

---

1. The child advocate makes reference to the Juvenile Justice and Delinquency Prevention Act of 1974, 42 U.S.C.A. § 5633 (1982 Supp.) as a collateral source for purposes of interpreting G.L. 1956 (1981 Reenactment) § 14–1–11, as amended by P.L. 1981, ch. 184, § 1. In light of our finding that the language of § 14–1–11 is clear and unambiguous, there is no need to refer to this federal statute.

who have not been charged with delinquent conduct.[2]

Dina has never been charged with conduct which would constitute a felony or misdemeanor if committed by an adult. She has only been adjudged dependent and found in contempt for running away from court-ordered placements.[3] This conduct does not place Dina within the exception to the prohibition against detention at the Training School in § 14–1–11. We hold, therefore, that Dina's incarceration at the Training School by order of the Family Court is a violation of § 14–1–11.[4]

Our decision in the case at bar is not to be construed as an abrogation of the contempt power of the Family Court. *See* G.L. 1956 (1969 Reenactment) §§ 8–6–1 and 8–10–38. We have no intention, nor did the Legislature in enacting § 14–1–11, of eliminating the Family Court's power to enforce its orders. The provision in § 14–1–11 merely operates to remove one placement option from among the alternatives available to

the Family Court for children who are not charged as delinquents. Section 14–1–11 specifically states that it is not intended to prohibit the temporary placement of children in facilities or programs other than the Training School. Secure facilities other than the Training School do exist where a chronic runaway may be detained and contact with juveniles who have committed serious crimes or other delinquent acts may be avoided.

The petition for habeas corpus is hereby granted, the judgment of the Family Court is quashed, and the case is remanded to the Family Court for further proceedings in accordance with this opinion.

---

2. Counsel for the DCF contends that § 14–1–11 applies only to a preadjudication detention and does not prohibit confinement of juvenile nonoffenders in the Training School after a finding of civil contempt. We find this argument to be without merit. In any case, a reading of G.L. 1956 (1977 Reenactment) § 42–56–33, which provides for the establishment of the Training School, expressly states that the Training School is for the detention of children by order of the Family Court and confinement of delinquent or wayward children. There is no mention of confining children adjudged dependent or in contempt of court in the Training School. Additionally, separate statutory provisions govern the placement of dependent and neglected children and the confinement of delinquent or wayward juveniles. *See* § 14–1–34, as amended by P.L. 1982, ch. 231, § 1, and § 14–1–36.

3. The contempt adjudication against Dina was civil in nature and does not bring Dina within the exception to the prohibition against detention in the Training School.

4. Our holding today is consistent with the order issued by a single justice of this court in a similar case. *In re Vonda F.,* R.I., 447 A.2d 1159 (1982), was presented on a petition for writ of habeas corpus alleging that the detention of the juvenile Vonda at the Rhode Island Training School for Girls was in violation of § 14–1–11. The petition filed against her did not charge Vonda with conduct which would constitute a felony or misdemeanor if committed by an adult; rather, the petition alleged that she had run away from home without just cause. The justice found that the detention of Vonda at the Training School violated § 14–1–11 and ordered her release to the DCF for placement elsewhere.