PROVIDENCE TEACHERS UNION LOCAL NO. 958 et al.

v.

Stephen NAPOLITANO et al.

No. 88–89–Appeal.

Supreme. Court of Rhode Island.

Feb. 21, 1989.

---

1. 29 U.S.C.A. § 216(b) (West 1965).

2. 15 U.S.C.A. §§ 78i(e), 78r(a) (West 1981).

3. 42 U.S.C.A. § 2000a–3(b) (West 1981).

4. 42 U.S.C.A. § 2000b–1.

5. 42 U.S.C.A. § 2000e–5(k).

Michael K. Marran, Providence Firefighters, Richard A. Skolnik, Providence Teachers Union, Providence, Joseph F. Penza, John A. Davey, Jr., Lodge No. 3 FOP, Warwick, for plaintiffs.

Edward C. Clifton, City Sol., David D. Curtin, Law Dept., City of Providence, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal brought by the defendants from a Superior Court order granting the plaintiff's request for a permanent injunction. We affirm the order of the trial justice. The facts of the case are as follows.

On November 4, 1980, the Providence Home Rule Charter was approved by the voters of that city. On May 7, 1981, the General Assembly passed P.L.1981, ch. 37, ratifying the charter and specifically validating several sections including section 1210, which is the subject of this case. It reads:

"Residence Requirement.

All officers of the city as defined in section 1207 above, and all employees of the city and of any and all agencies and instrumentalities thereof, including all employees of the school department and the department of public safety, shall be residents of the city during such employment; *provided, however, that any person employed by the city on the date upon which this Charter takes effect shall not be subject to the foregoing provision.* \* \* \* [4] Any officer or employee of the city who, during employment, ceases to be a resident shall forfeit his or her position in the employ of the city." (Emphasis added.)

After section 1210 went into effect on January 3, 1983, certain employees of the city received notice that they were in violation of section 1210 and were in danger of losing their jobs. Additionally, new city employees hired after January 3, 1983, were required to sign affidavits stating that they were in compliance with section 1210. The defendants have threatened to take action against three classes of employees:

1. Those who were employed on or before January 3, 1983, and resided within the city but moved out of the city after January 3, 1983,

2. Those who were employed on or before January 3, 1983, who moved into the city after January 3, 1983, but have since moved outside the city, and

3. Those who were employed on or before January 3, 1983, and reside within the city but may choose to move outside the city in the future.

The defendants argue that the most consistent interpretation of the "grandfather clause" of the residency requirement would only exempt city employees who were nonresidents on January 3, 1983, who remain nonresidents. They also argue that the grandfather clause does not apply to resident employees of the city on the effective date; therefore, those employees living in the city must remain there as a condition of continued employment. It is their position that the only interpretation of section 1210 consistent with the nature, object, language, and arrangement of the residency requirement is that the grandfather clause serves only to protect nonresident city employees as of the effective date of the charter from the harsh requirement of moving into the city and does not grant a blanket exception to all those employed prior to January 3, 1983, to move in or out of the city at will.

On September 6, 1985, the Providence Teachers' Union, Local No. 958, and Angelo Caramadre, filed a complaint seeking declaratory and injunctive relief with respect to section 1210 of the Providence Home Rule Charter that became effective on January 3, 1983. A trial justice issued a temporary restraining order that day against defendants Stephen T. Napolitano, treasurer of the city of Providence; the Honorable Joseph R. Paolino, Jr., mayor of the city of Providence; the Providence City Council; and the Providence School Committee. The Public Service Employees, Local No. 1033, and Providence Lodge No. 3, the Fraternal Order of Police, and Dennis Lambert subsequently filed similar suits. These subsequent actions were consolidated on October 10, 1986, at which time the trial justice issued a temporary restraining order preventing the city of Providence from firing any employees hired prior to January 3, 1983 who were allegedly in violation of section 1210. This temporary restraining order was continued on November 5, 1986.

On December 15, 1986, Providence Firefighters, Local No. 799 was permitted to intervene in the suit. On January 21, 1987, the trial justice issued a preliminary injunction maintaining the status quo until the statute could be interpreted. This order was continued on February 9, 1987.

Pursuant to a motion brought by defendants, these four cases were consolidated on March 16, 1987. Finally, on January 22, 1988, the trial justice granted plaintiffs' a permanent injunction. In February 1988 defendants filed a timely notice of appeal.

The issue before us is the meaning and applicability of the proviso, or so-called grandfather clause, and whether that clause exempts all those who were employed by the city prior to January 3, 1983, or only those who were living outside the city of Providence on that date and continue to live outside the city.

The first step in construing section 1210, as in construing any statute, is to examine the plain language used. We have held in a long line of cases that when a statute is clear on its face,—is free from ambiguity and conveys a definite and sensible mean-

ing,—there is nothing to construe, for the statute declares itself. *See State v. Young*, 519 A.2d 587 (R.I.1987); *In re Steven*, 510 A.2d 955 (R.I.1986); *In re Advisory Opinion to the Governor*, 504 A.2d 456 (R.I.1986); *City of Warwick v. Aptt*, 497 A.2d 721 (R.I.1985); *Moore v. Rhode Island Share & Deposit Indemnity Corp.*, 495 A.2d 1003 (R.I.1985); *Howard Union of Teachers v. State*, 478 A.2d 563 (R.I. 1984); *State v. Calise*, 478 A.2d 198 (R.I. 1984); *Fruit Growers Express Co. v. Norberg*, 471 A.2d 628 (R.I.1984); *Rathbun v. Leesona Corp.*, 460 A.2d 931 (R.I.1983); *In re Dina N.*, 455 A.2d 318 (R.I.1983).

We have also held that when construing a municipal charter, the usual rules of statutory construction apply. *Coventry School Committee v. Richtarik*, 122 R.I. 707, 411 A.2d 912 (1980); *Algiere v. Fox*, 122 R.I. 55, 404 A.2d 72 (1979).

The first sentence of section 1210 contains the residency requirement and the exemptions. The language specifically exempts from the residency requirement all those employees who were employed on or before January 3, 1983. There is no exception that limits the exemption based on an employee's residence on that date. The sentence establishing the residency requirement also contains the grandfather clause within its terms, so that any provision enforcing the residency requirement is limited in this first sentence. In giving the words of section 1210 their plain and obvious meaning and applying them literally, we find there is an unambiguous, definite, and sensible meaning. *See* 2A *Sutherland Statutory Construction*, § 47.08, § 47.09 at 135–38 (4th ed. Sands 1984) ("only those subjects expressly exempted by the proviso should be freed from the operation of the statute; their effect is to qualify, restrain or otherwise modify the general language of the enacting clause"); *see also State v. Brown*, 486 A.2d 595, 600 (R.I. 1985). The remainder of the statute after the proviso, specifically the fourth sentence, is irrelevant to the determination of this issue and applies only to those employees of the city of Providence who are subject to the residency requirement of the

statute, that is, those employed after January 3, 1983.

For the reasons stated, we hold that those employees of the city of Providence who were employed prior to January 3, 1983, are exempt from the residency requirement of section 1210, regardless of where they live now or may live at some future date. Consequently the defendants' appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case are remanded to the Superior Court.