**TOWN OF BARRINGTON**

v.

**INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, LOCAL NO. 351.**

No. 92–228–M.P.

Supreme Court of Rhode Island.

March 10, 1993.

Albert B. West, Providence, for plaintiff.

John R. Mahoney, Baluch, Mahoney & Gianfrancesco, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by the town of Barrington (town) seeking review of an arbitration award issued by a board organized and acting pursuant to the terms of G.L.1956 (1986 Reenactment) chapter 9.2 of title 28, entitled the "Policeman's Arbitration Act." The portion of the arbitration award that is challenged by this petition consists of a requirement that the town implement a twenty-year retirement program as permitted by G.L.1956 (1991 Reenactment) § 45–21.2–22. The facts of the case are undisputed and may be briefly stated as follows.

The town and the International Brotherhood of Police Officers, Local No. 351 (union), engaged in collective bargaining in order to negotiate a contract that would be effective for the period July 1, 1991, through June 30, 1992. The parties were unable to resolve a number of issues concerning salaries, conditions of employment, and a pension modification. Consequently, in accordance with § 28–9.2–8, an arbitration board was convened and a neutral arbitrator was appointed on April 18, 1991. After a number of hearings the arbitration board rendered its decision on February 23, 1992. This decision made numerous awards, but only the award respecting the pension program is in issue before us. The arbitrator representing the town filed a vigorous dissent challenging the impartiality of the panel.

During the course of negotiations the parties discussed a modification of the pension plan to allow for retirement after twenty years of service as opposed to the current plan that requires twenty-five years of service as a condition precedent to general retirement. Section 45–21.2–22 permits the local legislative body to adopt, by ordinance, such a twenty-year retirement plan. During the course of negotiations this issue was not resolved, and there-fore, it was considered by the arbitration board. Prior to the board's determination, the town adopted a resolution on May 6, 1991, challenging the jurisdiction of the arbitration board to consider this issue since the town council had not adopted the optional twenty-year retirement provision set forth in § 45–21.2–22. The town now contends that this issue was not properly submitted to the board of arbitration and that it had no jurisdiction to require the town to implement this change in pension benefits. With this contention we must respectfully disagree.

The outcome of this dispute is largely controlled by our opinion in *City of East Providence v. Local 850, International Association of Firefighters, AFL–CIO*, 117 R.I. 329, 366 A.2d 1151 (1976). In that case the question was squarely presented whether an arbitration board had the power to render a binding decision concerning the modification of a pension program to allow retirement of police officers and firefighters after twenty years of service. In that case the city of East Providence argued that a board of arbitration could only render binding decisions in respect to wages and hours. *City of East Providence*, 117 R.I. at 333, 366 A.2d at 1154. Our response to this argument was set forth by the following enunciation of principle:

"We think it beyond question that the Arbitration Act empowers the board to render binding decisions regarding terms and conditions of employment as well as wage and hour disputes.

"There is likewise no doubt that the provisions of an employee pension plan come within the meaning of 'terms and conditions of employment.' Virtually identical language in the National Labor Relations Act has been held to include pension plans. *Allied Chem. & Alkali Workers of America, Local No. 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 159, 92 S.Ct. 383, 387, 30 L.Ed.2d 341, 346 (1971); *Inland Steel Co. v. NLRB*, 170 F.2d 247, 251 (7th Cir.1948), *cert. denied*, 336 U.S. 960, 69 S.Ct. 887, 93 L.Ed. 1112 (1949). In the past we

have recognized the persuasive force of federal cases in this field in view of the parallels between our system of labor regulations and the federal system. *Belanger v. Matteson*, 115 R.I. 332, 338, 346 A.2d 124, 129 (1975); *Almac's, Inc. v. R.I. Grape Boycott Comm.*, 110 R.I. 36, 290 A.2d 52 (1972). Accordingly, we hold that the Arbitration Act grants the board the power to render a decision amending the policemen's and firemen's pension plans." 117 R.I. at 334–35, 366 A.2d at 1154.

The town argues that the current dispute is distinguishable from the case involving the city of East Providence on the ground that the East Providence pension plan was a private pension plan as opposed to one controlled by § 45-21.2-22. We must regard this argument as urging a distinction without a difference.

In *City of East Providence* the city council had the authority to amend the pension plan either voluntarily or by order of an arbitration board. In the case at bar there is no question that the town council of Barrington has the identical power to modify its pension plan voluntarily if it chooses so to do. Indeed, in the course of negotiations the modification of the pension plan was one of the issues discussed by the parties and might be referred to as a "bargaining chip" utilized by the town, although no agreement was reached. It is, of course, axiomatic that any decision by an arbitration board awarding additional benefits to police personnel, whether in the form of wage increases, diminution of hours, or pension benefits, will require action on the part of the town or city council or financial town meeting in order to implement the same. There is no question that the Arbitration Act diminishes the otherwise absolute autonomy of the local legislative body. Such limitation was obviously intended by the Legislature in adopting the provisions of chapter 9.2 of title 28.

We agree with the town's suggestion that an arbitration board has no power to amend or disregard state statutes. However, when the state has delegated to the local legislative body the power to amend a state-managed pension plan in its uncontrolled discretion, we fail to perceive the distinction between its ability to implement such a change in respect to a state-managed program from its ability to amend a private pension program wholly controlled by the council.

In the circumstances of this case we are constrained to conclude that there is no meaningful distinction between this controversy and that presented in *City of East Providence*. We are not inclined to overrule that opinion, which has guided municipal negotiations with fire and police personnel and arbitrations decisions for more than twenty-six years.

For the reasons stated, the petition for certiorari is hereby denied. The writ heretofore issued is quashed. The case may be remanded to the arbitration board with our decision endorsed thereon.