**LOCAL 472, INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS**

v.

**TOWN OF EAST GREENWICH.**

**TOWN OF EAST GREENWICH**

v.

**LOCAL 472, INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS.**

Nos. 92–493–M.P., 92–512–M.P.

Supreme Court of Rhode Island.

Dec. 17, 1993.

John R. Mahoney, Baluch, Mahoney & Gianfrancesco, Providence, for plaintiff.

Edmund Alves, Jr., Gorham & Gorham, Daniel Procaccini, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

These cases come before us on two consolidated petitions for certiorari, one filed by Local 472, International Brotherhood of Police Officers (union), and the other filed by the town of East Greenwich (town). Each petition challenges a separate award made by a panel of arbitrators, who had been selected pursuant to the provisions of G.L.1956 (1986 Reenactment) § 28–9.2–8, in order to resolve a contractual dispute between the union and the town. In accordance with the statute one arbitrator was appointed by the union, which selected its business agent to serve as its representative on the arbitration panel. The town appointed an attorney to serve as its representative on the arbitration panel. The chief justice of the Supreme Court appointed the third or neutral arbitrator, who served as chairperson of the panel pursuant to § 28–9.2–8. Each petition for certiorari raises a distinct issue and will be considered separately. Such facts as may be necessary to the determination of the issue will be supplied in the course of the discussion of that issue.

I

### Cost–of–Living Increase

The town in its petition for certiorari challenges a cost-of-living increase (COLA) awarded by the arbitration panel on the grounds that the cost-of-living increase awarded does not comport with the state retirement statute that authorized certain COLA options. General Laws 1956 (1991 Reenactment) § 45–21–52. This statute provided for the following options, of which plan C is the only option pertinent to our consideration:

"(a) The local legislative bodies of the cities and towns may extend to their respective employees automatic adjustment increases in their service retirement allowances, by a resolution accepting any of the plans as described hereinbelow [sic]:

(1) Plan A. * * *.

(2) Plan B. * * *.

(3) Plan C. All employees and beneficiaries of those employees who retire on or after January 1, of the year following acceptance of this section, shall, on the first day of January next following the date of the retirement, receive a cost of living adjustment in an amount equal to three percent (3%) of the original retirement allowance." Section 45–21–52(a).

It is undisputed that the COLA plan awarded by the arbitration panel bears no reference to plan A or B and that it deviates from plan C in that it does not become effective until the first day of January next following the third anniversary date of the

member's retirement. In effect the panel devised, for reasons deemed sufficient to itself, a plan that would be different from plan C authorized under the statute and would not take effect until three years after the one-year term for which this contract would be in effect. The contract in question was to cover the period July 1, 1991, to June 30, 1992.

We may infer from the record that the panel decided to postpone the implementation of this provision in order to soften the impact of its financial effect.

However, in so doing, the panel committed two cardinal errors. First, the panel adopted a COLA not authorized by statute, thus violating a provision that we most recently enunciated in *Town of Barrington v. International Brotherhood of Police Officers, Local No. 351,* 621 A.2d 716 (R.I.1993). In that case we recognized that an arbitration board has no power to amend or to disregard state statutes. *Id.* at 718. The panel's deviation from the alternative plans provided by statute constituted a significant departure from the statutory authorization and was therefore invalid.

Moreover, in postponing the implementation of the COLA for three years beyond the contract year, the panel violated a principle enunciated in *City of East Providence v. Local 850, International Association of Fire-fighters, AFL–CIO,* 117 R.I. 329, 366 A.2d 1151 (1976), in which we stated that a municipality may not be bound for a period in excess of one year by the award of a panel assembled pursuant either to the Fire Fighters' Arbitration Act, chapter 9.1 of title 28, or to the Policemen's Arbitration Act, chapter 9.2 of title 28. 117 R.I. at 339–40, 366 A.2d at 1157. In that case a portion of the award was validated because it was scheduled to take effect during the contract year, while the remaining elements of the award that were scheduled to take effect subsequent to the contract year were invalidated. *Id.*

In this instance, since no portion of the COLA was scheduled to become effective during the contract year, and since the award was not 'in accordance with the alternatives provided by § 45–21–52, the entire COLA award must be invalidated.

## II

### The Modification of the Award in Respect to Filling of Vacancies

The union's petition for certiorari challenges the modification of the panel's award in respect to the filling of vacancies.

Initially the panel adopted new contract language relating to the filling of vacancies by the chief of police. The contractual language selected was as follows:

"Where a temporary vacancy exists within a rank the Chief shall have the authority to fill said vacancy with the next senior member within said rank. The Chief shall have the authority to order back the least senior member of said rank should the Chief be unable to fill said vacancy. In such circumstances all applicable provisions of Article 9 shall apply.

"Should the Chief not be able to fill the vacancy within the rank then the most senior of the rank below may fill said vacancy and this procedure shall continue until such time as the vacancy is filled.

"If said position is filled by an officer not of the rank where the vacancy exists, then that officer shall be entitled to compensation of said higher rank, and where applicable, payment under Article 9."

As part of its award the panel retained jurisdiction in the event that either party should seek a clarification. The award provided that a request for clarification should be delivered to the chairperson no later than ten days from the date of the filing of the award.

Apparently the town through its arbitrator requested a clarification of the award, and the panel reconvened to consider this request. As a result of this consideration, the panel, without hearing any further testimony from the parties and relying upon the record that had earlier been developed, made changes in this portion of the award. The panel struck the new language of section 2 of article 5 relating to temporary service out of rank.

It reinstated the original language contained in the contract. It clarified that language by authorizing the chief of police to fill

vacancies through traditional call-back procedures and by allowing the chief the authority to order back a ranking officer in the event that neither a sergeant nor a lieutenant is present on a shift. It also made the provision relating to temporary service inapplicable to the rank of captain or above. The panel further made a special provision concerning the detective division providing for increasing a sergeant's pay when he or she would assume the duties of lieutenant and providing for a detective patrol officer to advance to sergeant's pay when both a lieutenant and a sergeant are not present.

The panel also made an award in respect to change in school-detail rates. This provision seems not to be challenged by either party.

■ The union challenges this modification by contending that it received no notice of the request for clarification. It is difficult to give credence to this argument when one arbitrator was the business agent of the union. Certainly notice to the business agent, whether acting as an arbitrator or not, should be notice to the union. It must be borne in mind that arbitrators selected by the parties are not neutral. In essence they are advocate-arbitrators whose duty it is to make certain that the positions of the parties whom they represent are persuasively advanced in the course of arbitration discussions. *See Aetna Casualty & Surety Co. v. Grabbert,* 590 A.2d 88, 93 (R.I.1991).

Certainly if the business agent of the union, in his capacity as advocate-arbitrator, desired further presentation of evidence from the union, he could easily have requested such additional presentation. It appears that none of the three arbitrators felt the need for additional evidence or argument and made their changes on the bases of documents and evidence previously presented.

This differentiates this case from the case of *R.O. Wood & Co. v. Helme,* 14 R.I. 325 (1884), wherein two of the three arbitrators heard arguments from one party without hearing from the other. In *Wood* notice was considered of paramount importance. This was a completely different type of arbitration from that in the case at bar.

In the present case the union's business agent as arbitrator had ample notice that the panel had decided to clarify and modify its original award on the subject of temporary service out of rank. None of the arbitrators required or desired additional information from either party. The arbitrators had reserved jurisdiction to clarify. Upon our examination the modifications were minor and generally designed to make the procedure more specific, understandable, and clear.

Consequently we believe that the panel did not exceed its powers in clarifying and modifying its original award in respect to temporary service out of rank and call-back procedures by the chief of police.

For the reasons stated, the town's petition for certiorari is granted. The panel's award in respect to a cost-of-living increase is hereby quashed. The union's petition for certiorari is denied. The writ heretofore issued is quashed. The papers in respect to both petitions for certiorari are remanded to the arbitration panel with our decision endorsed thereon.