DECISION
This is an appeal filed by the plaintiff, Dino DeCrescenzo (DeCrescenzo), alleging aggrievement by a final order issued by the defendant, Rhode Island Employees' Retirement System (Board). The Town of Barrington (Town) is co-defendant. DeCrescenzo brings the appeal pursuant to G.L. 1956 § 42-35-15. However, G.L. 1956 § 42-35-18(b)(21) excludes from the APA proceedings arising from G.L. 1956 § 45-21-1, et seq., entitled "Retirement of Municipal Employees," and G.L. 1956 § 45-21.2,et seq., entitled "Optional Retirement for Members of Police and Fire Fighters." Accordingly, this municipal employee retirement benefits dispute, which is administered by the Board (see G.L. 1956 § 36-8-2), is not reviewable under the APA.
A declaratory judgment is a method by which a party can petition the court for a declaration of rights, status and other legal relations when such rights, status or legal relations are affected by a statute. G.L. 1956 § 9-30-1, et seq.
DeCrescenzo should have petitioned this court for a declaratory judgment under the aforementioned statute. Pursuant to R.C.P. 1, the courts demand a liberal construction of the rules in order to afford a "just, speedy and inexpensive determination of the action" Sarni v. Meloccaro, 114 R.I. 630, 324 A.2d 648 (1974). Thus this Court will treat the instant action as a petition for declaratory judgment and exercise its discretion to render same. In doing so, the Court acknowledges the purpose of the Uniform Declaratory Judgment Act, this being the termination of controversies. Fireman's Fund Ins. Co. v. E.W. Burman, Inc.,120 R.I. 841, 391 A.2d 99 (1978).
 Facts/Travel
The parties have stipulated to the facts recited by the defendant Town in its memorandum. DeCrescenzo, at all times pertinent hereto, was a full-time police officer employed by the Town. DeCrescenzo is a member of the International Brotherhood of Police Officers, Local 351 (Local 351), which is the exclusive bargaining representative of all full-time police officers employed by the Town. The collective bargaining agreement between the Town and Local 351 expired on June 30, 1991. Unable to reach a mutually satisfactory agreement, the parties proceeded to binding arbitration pursuant to the prior contract and provisions of the Police Officers' Arbitration Act.
During arbitration proceedings, Local 351 proposed the adoption of an optional 20 year retirement on service allowance pursuant to the provisions of G.L. 1956 § 45-21.2-22. This benefit would require an additional monetary contribution equal to one percent more (eight percent in total) than the contribution which is required under G.L. 1956 § 45-21.2-14; that being seven percent of the salary or compensation earned or accruing to the police officer.
On February 23, 1992 the Arbitration Panel rendered an award for the contract year, July 1, 1991 to July 30, 1992, which, in part, mandated that the Town include the aforesaid proposal allowing for retirement of its uniformed police officers with pension after 20 years of total service. The Town sought review of this contract provision which resulted in the Rhode Island Supreme Court ruling, Town of Barrington v. InternationalBrotherhood of Police Officers, Local 351, 621 A.2d 716 (R.I. 1993), wherein the court upheld the arbiter's award of the service allowance pension.
In adhering to the ruling of the Supreme Court, the Town, on June 22, 1993, adopted Ordinance Number 93-38, as required under the statute, authorizing the Board to permit the retirement of members of Local 351 in accordance with the contract provision. Pursuant to said ordinance, on April 1, 1994 and May 25, 1994, the Board informed the Town and DeCrescenzo, respectively, that the employees' additional one percent contribution as set forth in G.L. 1956 § 45-21.2-22(c) would be retroactive to July 1, 1991, the effective date of the contract.
DeCrescenzo appealed this decision to the Board prompting a hearing before Hearing Officer Teresa M. Rusbino, Esq., on September 22, 1994. Hearing Officer Rusbino rendered a decision on October 27, 1994 ordering the additional one percent contribution retroactive to July 1, 1991, thus affirming the Board. This decision was subsequently appealed to the Board. The Board issued a final order on or about June 14, 1995 affirming the hearing officer's decision to make the one percent contribution retroactive to July 1, 1991.
Following the Board's final order, DeCrescenzo brought this "appeal" to the Court requesting a court order establishing the effective date of both the retirement benefit and corresponding contributions by members of Local 351 as June 22, 1993, the date of the passage of the Town ordinance, as opposed to July 1, 1991, the effective date of the contract awarded under binding arbitration.
 Statutory Construction
The resolution of the issue of application is a matter of law involving statutory construction. The Board and Town argue that the terms of G.L. § 45-21.2-22 became binding upon the effective date of the contract, July 1, 1991. DeCrescenzo argues that the statute was effective only upon the Town's adoption of it, by ordinance, on June 22, 1993.
The pertinent provisions of § 45-21.2-22 entitled, "Optional twenty year retirement on service allowance. —" are
 The local legislative bodies of the cities and towns may, by ordinance adopted, permit the retirement of a member on a service retirement allowance as follows: . . .
 (c) Upon the adoption of a service retirement allowance, pursuant to this subdivision, each member shall contribute an amount equal to one percent(1%) more than that contribution which is required under § 45-21.2-14
 . . .
The statute must be considered in its entirety and given a meaning "most consistent with its policies or obvious purposes."City of Warwick v. Almac's Inc., 442 A.2d 1265 (R.I. 1982). Additionally, the interpretation given a statute by an administrative agency will be given great weight although it is not controlling. Berkshire Cablevision of Rhode Island, Inc. v.Burke, 488 A.2d 676 (R.I. 1985)(citations omitted).
In the instant matter the Board, after review with its counsel, issued a decision that, "pursuant to the Arbitration agreement," the additional 1% contribution is required as of the effective date of the award, July 1, 1991. (Memorandum of Town, Exhibit C). Dissatisfied with this decision, DeCrescenzo had the issue further examined before a Board hearing officer.
Hearing Officer Rusbino states, in her decision, "RIGL Section45-21.2-22(c) plainly sets forth that the triggering event for purposes of the additional one percent (1%) contribution is `the adoption of a service retirement allowance, pursuant to this subdivision',[sic] and not the adoption date of the ordinance which permits the retirement of a member on a service retirement allowance." (Memorandum of Town, Exhibit D) (emphasis added).
This Court agrees that the hearing officer's interpretation of the statute is the correct one. This Court further finds that the Board's affirmance is entitled to deference where the Court finds that the Board's decision flows rationally from the statute and is a commonsense one. See Citizens Savings Bank v. Bell, 605 F. Supp. 1033 (U.S.D.C. R.I. 1985). There are two independent components within the pertinent provisions of the statute. The component appearing first allows a member to retire under the statute when the local government has passed an ordinance allowing the members to do so. The ordinance purpose is to literally "permit" the retirement of a member. See D'Ambra v.North Providence School Committee, 601 A.2d 1370 (R.I. 1992)(a word is to be given its plain and ordinary meaning). The RIERS cannot accept and process the retirement application of a member unless it is permitted by the municipality to do so. Thus for a member to enjoy the benefit the ordinance must be in place. The second component states that "[u]pon the adoption of the service retirement allowance, . . ." each member shall make the additional 1% contribution. The "adoption" of the 20 year retirement benefit will be via, for example, an employment contract, as is the case here. In conjunction with the adoption of the benefit is the members' requirement to make the additional 1% contribution. As to this subdivision, (c), this Court, after "consideration of the entire statute, keeping in mind its nature, object, language and arrangement," finds that the legislative intent required the benefit to first exist, through its adoption, before a municipality would be required to permit its application by a member. See Algiere v. Fox, 122 R.I. 55, 404 A.2d 72 (1979).
A seeming ambiguity is created by the sequencing within the statute which first references the action to be taken by the municipality. However, when the statute is read as a whole, as it must be, the legislative intent as deciphered above is cognizable. See Falstaff Brewing Re: Narragansett Brewery Fire,637 A.2d 1047 (R.I. 1994).
Upon thorough review of the statute in question, the travel of the matter, and memoranda of counsel, this Court declares that the additional 1% contribution of salary or compensation, as stated in G.L. § 45-21.2-22, required of members of the Local is retroactive to July 1, 1991.
Counsel shall submit the appropriate judgment for entry.