MARY HILL-VINCENT, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)    No. 79-2213

Opinion filed March 6, 1981.

Gilbert A. Cornfield, of Cornfield & Feldman, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Maureen J. Kelly, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order granting summary judgment in favor of defendants in plaintiff's action to restrain defendants from filling vacancies in the city's career service system on the basis of general examinations open only to specified categories of career service employees and to temporary employees rather than by promotional examinations open to career service employees.

It appears that plaintiff was a career service employee of the city, holding the title of principal clerk, when it was announced that examinations would be held to fill vacancies in the career service system for three clerical titles—head clerk, assistant chief clerk, and chief clerk, and that temporary appointees (noncareer service and noncertified civil service employees) in those positions would be eligible to take the examinations for their respective job titles. Persons employed in various career service categories also were declared eligible for the examinations; however, plaintiff's status as a principal clerk made her eligible to take only the head clerk examination (not those for assistant chief clerk and chief clerk).

Plaintiff's complaint alleged the above facts and, *inter alia*, that making temporary employees in those categories eligible for what was termed a "general employment examination" had the effect of exempting them from taking competitive examinations in violation of the city's Career Service Ordinance (Chicago, Ill. Municipal Code, ch. 25.1 (1978)) (the Ordinance) and the City of Chicago Personnel Rules (1979) (the Rules) promulgated thereunder. It was also alleged that plaintiff's rights as a career service employee would be violated as a result of the promotion

of persons without career service status in the subject categories, and she sought an order enjoining defendants from filling any vacancy in the job titles in question with any person who did not have career service status.

The trial court denied a motion of defendants to strike and dismiss, which was supported by a memorandum in which defendants argued that (1) plaintiff had failed to allege any statutory basis requiring defendants to fill the positions with career service employees or that promotional examinations, rather than general employment examinations, should be given to fill the positions in question; and (2) that neither the Ordinance nor the Rules conferred a right on plaintiff regarding the positions by virtue of her career service status.

Defendants then moved for summary judgment, supported by the affidavit of city director of personnel Charles A. Pounian, asserting essentially the same grounds as in their motion to dismiss; namely, that the director of personnel was authorized to administer general employment examinations to career service employees as well as to temporary employees meeting the eligibility requirements for the vacancies and to fill those positions from the lists created thereby. In addition, Pounian stated in his affidavit that because there was a large number of qualified temporary employees who would not otherwise have had an opportunity to compete for the career service positions they held provisionally, general examinations were offered instead of promotional examinations, and that an announcement for a promotional examination is clearly designated as such on its face.

In her verified answer to the motion for summary judgment, plaintiff asserted that defendants had not acted in accordance with the Ordinance and Rules; that they had violated her rights as a career service employee by improperly designating the examinations as general—although they were allegedly promotional in nature—and by limiting eligibility to individuals with career service status and to temporary employees without career service status who were functioning under the job titles in question; and that plaintiff was injured by defendants' actions as she was denied the possibility of improving her career service status by competitively seeking promotion to the subject positions.

OPINION

It is plaintiff's contention that summary judgment was improper because a genuine factual dispute existed as to defendants' authority to appoint persons without career service status to the positions of head clerk, assistant chief clerk, and chief clerk through general examinations. Defendants contend, on the other hand, that summary judgment was proper since there is no requirement under the Ordinance and Rules that

promotional examinations available only to career service employees be given for the positions in question.

Section 57 of the Civil Practice Act makes provision for summary judgment (Ill. Rev. Stat. 1979, ch. 110, par. 57) and is supplemented by Supreme Court Rules 191 and 192 (Ill. Rev. Stat. 1979, ch. 110A, pars. 191, 192). The motion is designed to determine whether there is an issue of fact to be tried (*Glen Ellyn Savings & Loan Association v. State Bank of Geneva* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267; *Kramer v. McDonald's System, Inc.* (1978), 61 Ill. App. 3d 947, 378 N.E.2d 522), but not as a means to assess conflicting issues of fact (*Fletcher v. Boxx* (1973), 10 Ill. App. 3d 928, 295 N.E.2d 248; *Glen View Club v. Becker* (1969), 113 Ill. App. 2d 127, 251 N.E.2d 778). Since summary judgment is a drastic means of terminating litigation (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657; *Interlake, Inc. v. Harris Trust & Savings Bank* (1978), 57 Ill. App. 3d 524, 373 N.E.2d 413), the movant must demonstrate that his right to benefit from the statute is clear and free from doubt (*Serowski v. Klapper* (1978), 65 Ill. App. 3d 238, 382 N.E.2d 499); or, as otherwise expressed, where doubt exists as to the movant's right, the wiser judicial policy is to resolve the dispute at trial (*Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446; *Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589). The courts also have held that the evidence contained in affidavits must be strictly construed against the movant and liberally in favor of the opponent. *Frey v. Belleville News-Democrat, Inc.* (1978), 64 Ill. App. 3d 495, 381 N.E.2d 705; *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 380 N.E.2d 1040; *Robinson v. Econ-O-Corp.* (1978), 62 Ill. App. 3d 958, 379 N.E.2d 923.

The motion for summary judgment here is supported by the affidavit of the director of personnel in which he states that the examinations were to be general, as they were not explicitly designated as promotional on their face, and that they were offered in order to afford a large number of temporary employees the opportunity to attain career service status. Significantly, however, Rule X, promulgated under the city's Career Service Ordinance, provides that vacancies such as those in question here are to be filled where appropriate by means of promotional examinations, and Rule VI provides that promotional examinations are open only to career service employees determined by the director to be eligible for promotion. (City of Chicago Personnel Rules, Rule VI, §3 (1979).) Rule X provides, in relevant part, as follows:

> "Vacancies will be filled where appropriate through the use of promotional examinations. In cases where there are insufficient eligible candidates from within the Career Service, or where the job requirements and the interest of the City service are best

served by considering applicants from outside the Career Service, the Director may authorize the use of a general employment examination. When a general employment examination is authorized, persons from within the Career Service who meet the qualification requirements may participate in the examination, and appropriate consideration may be given in the examination for their manner of performance and service." (City of Chicago Personnel Rules, Rule X, §1 (1979).)

Thus, there are two situations in which the city's director of personnel is authorized to fill vacancies by means of general employment examinations—(1) if there are insufficient eligible candidates from within the career service; or (2) if the job requirements and the interests of the city will best be served thereby.

■■ Although it is stated in Pounian's supporting affidavit that the examinations in question were general, neither in the motion nor in the affidavit is it asserted that an insufficient number of eligible candidates were available from career service or that the job requirements and interests of the city service were such as to authorize the use of general rather than promotional examinations. We hold, therefore, that defendants have failed to demonstrate that no genuine factual dispute existed as to their authority to offer general rather than promotional examinations and, thus, that summary judgment should not have been entered.

■■ Defendants also contend that the issue raised herein is moot, since plaintiff was promoted to the position of bridgetender by virtue of a settlement agreement resulting from additional litigation. We note, however, that plaintiff still holds her career service status as principal clerk and presumably could be removed at any time from her temporary position as bridgetender and be reassigned to her former position as principal clerk. Moreover, she may also continue to be interested in advancing her career service status by achieving a certified position in one of the job classifications in question. Therefore, an actual controversy exists and not a mere abstract proposition, so that the case before us is not moot. See *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486; also see *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 311 N.E.2d 134.

For the reasons stated, the judgment of the trial court is reversed, and the case is remanded.

Reversed and remanded.

MEJDA and WILSON, JJ., concur.