Docket No. 96220–Agenda 10–January 2004.

MAREK PASZKOWSKI, Appellee, v. THE METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, Appellant.

Opinion filed November 18, 2004.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

In early 2000, plaintiff Marek Paszkowski filed a negligence suit against defendant, the Metropolitan Water Reclamation District of Greater Chicago (District), seeking damages for injuries allegedly sustained by plaintiff in 1998 while he was working on the District’s deep tunnel construction project. Plaintiff brought his suit in the circuit court of Cook County. The District filed a section 2–619 motion to dismiss plaintiff’s claim on the ground that it was not brought within the one-year limitation period in section 8–101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8–101 (West 1998)). The circuit court granted the motion to dismiss, and plaintiff appealed. The appellate court reversed, holding that plaintiff’s claim was governed by the four-year limitation period in section 13–214(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13–214(a) (West 1998)). According to the appellate court, plaintiff’s claim was timely filed under section 13–214(a). We allowed the District’s petition for leave to appeal. 177 Ill. 2d R. 315(a). We now reverse the judgment of the appellate court.

BACKGROUND

Plaintiff filed his original, one-count complaint on February 9, 2000, seeking damages for injuries allegedly sustained on March 5, 1998. In the complaint, plaintiff alleged negligence on the part of the District with regard to a cement remix car that apparently was involved in the injury to plaintiff. In an amended complaint, plaintiff added three counts (strict liability, breach of warranty, and negligent sale) against the manufacturer of the cement remix car. The only claim at issue in the appeal before us is count I, the claim against the District.

In January 2001, the District moved to dismiss count I of the complaint on the ground that plaintiff failed to file the complaint within the one-year limitation period set forth in section 8–101 of the Tort Immunity Act (745 ILCS 10/8–101 (West 1998)). Plaintiff responded that the proper limitation period was four years as provided in section 13–214(a) of the Code, which applies to construction-related causes of action. The circuit court denied defendant’s motion to dismiss. Relying on 
Zimmer v. Village of Willowbrook
, 242 Ill. App. 3d 437 (1993), the circuit court found that section 13–214(a) was the applicable statute and plaintiff therefore had four years, not one year, to bring his claim.

Defendant filed a motion to reconsider, relying upon 
Greb v. Forest Preserve District
, 323 Ill. App. 3d 461 (2001), which was decided 11 days after the circuit court’s denial of defendant’s motion to dismiss in the case at bar. 
Greb 
held that any tort action against a local governmental entity or its employees must be brought within the one-year limitation period in section 8–101 of the Tort Immunity Act, rather than the four-year period in section 13–214(a) of the Code. In light of the decision in 
Greb
, the circuit court in the case at bar granted defendant’s motion to reconsider and dismiss count I of plaintiff’s amended complaint as time-barred under section 8–101. Pursuant to Rule 304(a) (155 Ill. 2d R. 304(a)), the court found that there was no just reason for delaying enforcement or appeal of its ruling.

Plaintiff appealed, and the appellate court reversed. 338 Ill. App. 3d 781. The appellate court rejected 
Greb 
as incorrectly decided, and held that, in the case at bar, it was the four-year limitation period in section 13–214(a) that applied, rather than the one-year period in section 8–101. We allowed defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a). In addition, we granted leave to the following entities to submit briefs as 
amici curiae
 (155 Ill. 2d R. 345): the Illinois Trial Lawyers Association; the City of Chicago and the Illinois Municipal League; and the Illinois Association of Defense Trial Counsel, the Illinois Governmental Association of Pools, the Illinois Association of School Boards, and the Illinois Association of School Administrators.

ANALYSIS

Defendant’s motion to dismiss count I of plaintiff’s amended complaint was brought pursuant to section 2–619(a)(5) of the Code (735 ILCS 5/2–619(a)(5) (West 2000)), which provides for the dismissal of an action that was not commenced within the time limited by law. When ruling on a section 2–619 motion to dismiss, a court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. 
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 189 (1997); 
In re Parentage of M.J.
, 203 Ill. 2d 526, 533 (2003). The motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. 
Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago
, 189 Ill. 2d 200, 206 (2000); 
Chicago Flood Litigation
, 176 Ill. 2d at 189. We review both the dismissal of a complaint and the interpretation of a statute 
de novo
. 
In re Parentage of M.J.
, 203 Ill. 2d at 533.

In the case at bar, the statutes at issue, as noted, are section 8–101 of the Tort Immunity Act (745 ILCS 10/8–101 (West 1998)) and section 13–214(a) of the Code (735 ILCS 5/13–214(a) (West 1998)). Section 8–101 provides:

“No civil action may be commenced in any court against a 
local entity 
or any of its employees for any injury unless it is commenced within 
one year 
from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term ‘civil action’ includes any action, whether based upon the common law or statutes or Constitution of this State.” (Emphases added.) 745 ILCS 10/8–101 (West 1998).

The term “local public entity,” as defined in the Tort Immunity Act, includes sanitary districts such as defendant. 745 ILCS 10/1–206 (West 1998).

Section 13–214(a) of the Code, which was enacted subsequent to section 8–101 of the Tort Immunity Act, provides, in pertinent part:

“(a) Actions based upon tort, contract or otherwise against any 
person
 for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within
 4 years 
from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such an act or omission.” (Emphases added.) 735 ILCS 5/13–214(a) (West 1998).

Section 13–214 defines “person” as “any individual, any business or legal entity, or any 
body politic
.” (Emphasis added.) 735 ILCS 5/13–214 (West 1998).

The cardinal rule of statutory interpretation, to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature. 
Sylvester v. Industrial Comm’n
, 197 Ill. 2d 225, 232 (2001); 
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 194 (1992). The starting point is always the language of the statute, which is the best indication of the intent of the drafters. 
Hernon
, 149 Ill. 2d at 194; 
County of Du Page v. Graham, Anderson, Probst & White, Inc.
, 109 Ill. 2d 143, 151 (1985). When this language is unambiguous, the law is to be enforced as enacted by the legislature. 
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 391 (1998); 
Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago
, 325 Ill. App. 3d 362, 366 (2001), quoting 
155 Harbor Drive Condominium Ass’n v. Harbor Point Inc.
, 209 Ill. App. 3d 631, 642 (1991). Where two statutes are allegedly in conflict, an interpretation that allows both to stand is favored, if possible. 
McNamee v. Federated Equipment & Supply Co.
, 181 Ill. 2d 415, 427 (1998); 
Jahn v. Troy Fire Protection District
, 163 Ill. 2d 275, 280 (1994). However, legislative intent remains the primary consideration. Traditional rules of statutory construction are merely aids in determining legislative intent, and these rules must yield to such intent. 
Collins v. Board of Trustees of the Firemen’s Annuity & Benefit Fund
, 155 Ill. 2d 103, 111 (1993).

In the case at bar, under the plain language of the two statutes at issue, either provision, in the absence of the other, could apply to plaintiff’s claim against the District. Section 8–101 of the Tort Immunity Act applies to civil actions against a local governmental entity for any injury, and section 13–214(a) of the Code applies to construction-related causes of action against “any body politic” (735 ILCS 5/13–214 (West 1998)). Plaintiff’s claim is a civil action against a local governmental entity seeking damages for an injury, and thus falls within the scope of section 8–101, which defines “local public entity” as including sanitary districts such as defendant. Plaintiff’s claim also is a construction-related cause of action against a body politic. The term “body politic” is defined as “[a] group of people regarded in a political (rather than private) sense and organized under a single governmental authority.” Black’s Law Dictionary 167 (7th ed. 1999). This term clearly includes defendant. See 
County of Du Page
, 109 Ill. 2d at 151 (“It is clear that section 13–214, by stating that a ‘person,’ as used in the section, may refer to a body politic, expressly includes governmental entities, such as the county, within its purview”). Thus, section 13–214(a) also applies to plaintiff’s claim.

However, sections 8–101 and 13–214(a) are in conflict. Section 8–101 requires a claim to be filed within one year, while section 13–214(a) allows a four-year filing period. The central issue in this appeal is which of these two conflicting statutory provisions should apply.

Plaintiff argues that section 13–214(a) is more specific than section 8–101 and therefore section 13–214(a) should control over section 8–101. Plaintiff directs our attention to 
Hernon
, which held that, where one of two provisions is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision should prevail. 
Hernon
, 149 Ill. 2d at 195, quoting 
Bowes v. City of Chicago
, 3 Ill. 2d 175, 205 (1954). Plaintiff notes that section 8–101 applies to 
any
 civil action against a local governmental entity for 
any 
injury, while the scope of section 13–214(a) is more narrowly limited to 
construction-related 
claims against a person, a business or a body politic. In further support of the position that section 13–214(a) should control, plaintiff correctly notes that section 13–214(a) was enacted later than section 8–101. Plaintiff points to this court’s decision in 
Jahn
, which observed that, where two statutes are in direct conflict, “the more recent enactment generally will prevail as the later expression of legislative intent.” 
Jahn
, 163 Ill. 2d at 282. According to plaintiff, section 13–214(a) should be viewed as a limited exception to section 8–101. Under this exception, the four-year limitation period in section 13–214(a) would apply only to causes of action (such as plaintiff’s claim against the District) that arise from the construction-related activities of a public entity.

Defendant responds that it is the one-year limitation period in section 8–101, rather than the four-year period in section 13–214(a), that should govern in the case at bar. In support of this position, defendant argues, 
inter alia
, that section 8–101 is the more specific of the two provisions. Defendant notes that section 8–101 applies only to civil actions against 
local entities
, while section 13–214(a) encompasses construction-related claims not only against bodies politic, but also against individuals or any business or legal entity. According to defendant, section 13–214(a) is more general than section 8–101.

Defendant also points to the sweeping language used in section 8–101 as additional support for the position that section 8–101 should control. As noted, section 8–101 bars 
all
 civil actions in 
any court 
against a local entity for 
any injury 
unless the action is brought within one year. According to defendant, the breadth of this language demonstrates the legislature’s intent that section 8–101 should take precedence over other statutes of limitation. In defendant’s view, section 8–101 embodies the purpose of the Tort Immunity Act, which is “to protect local public entities and public employees from liability arising from the operation of government.” 745 ILCS 10/1–101.1 (West 1998).

These two arguments–that section 8–101 is the more specific statute, and that the legislature intended section 8–101 to take precedence over other statutes of limitation–figured prominently in 
Tosado v. Miller
, 188 Ill. 2d 186 (1999), where the matter at issue was similar to the case at bar. The question in 
Tosado 
was whether medical malpractice actions brought by adults against local entities and/or their employees were governed by the one-year limitation period in section 8–101 of the Tort Immunity Act or by the two-year limitation period in section 13–212(a) of the Code. 735 ILCS 5/13–212(a) (West 1992). Section 13–212(a) deals with claims against medical providers for damages arising from “patient care.” Four members of the court agreed with the disposition that the one-year period in section 8–101 applied to medical malpractice actions against local entities, but there was no majority agreement as to the rationale for this result. The lead opinion, which was supported by two justices, concluded that section 8–101 applied because it was more specific than section 13–212(a). In reaching this conclusion, the lead opinion focused on the nature of the 
defendants
, rather than on the nature of the cause of action. Given this focus, the lead opinion reasoned that, because section 8–101 applied to defendants that were local public entities and their employees, it was more specific than section 13–212(a), which applied to defendants who were medical providers, both public 
and 
private. 
Tosado
, 188 Ill. 2d at 195 (plurality op.). The other two justices in 
Tosado 
who agreed with the disposition that section 8–101 should apply wrote separate concurring opinions advancing a different rationale for this result. These concurring justices noted, similar to defendant in the case at bar, that section 8–101 “was designed to apply broadly to any possible claim against a local governmental entity and its employees.” 
Tosado
, 188 Ill. 2d at 199 (Heiple, J., specially concurring); 188 Ill. 2d at 198 (Freeman, C.J., specially concurring). In the concurring justices’ view, “[t]his type of comprehensive protection necessarily controls over other statutes of limitations.” 
Tosado
, 188 Ill. 2d at 199-200 (Heiple, J., specially concurring).

Three justices dissented in 
Tosado
. Two of the dissenting justices took issue specifically with the lead opinion’s focus on the nature of the defendants in determining that section 8–101 was more specific than section 13–212(a). According to these two justices, the focus on the nature of the defendants in making the specificity determination constituted a departure from traditional analysis, which looked “primarily to the nature of the plaintiff’s cause of action and the type of injury sustained by the plaintiff.” 
Tosado
, 188 Ill. 2d at 202 (McMorrow, J., dissenting, joined by Rathje, J.). These two dissenting justices noted that section 13–212(a) was limited to causes of action involving damages “for injury or death *** arising out of patient care” (735 ILCS 5/13–212(a) (West 1992)), while section 8–101 applied more broadly to civil actions for “any injury.” The dissenting justices concluded that, under traditional specificity analysis, section 13–212(a) was more specifically applicable to the case before the court than was section 8–101, and therefore section 13–212(a), not section 8–101, should control.

A little over a year after 
Tosado 
was decided, this court confronted essentially the same issue in 
Ferguson v. McKenzie
, 202 Ill. 2d 304 (2001). The question in 
Ferguson 
was whether a medical malpractice wrongful-death claim brought by a minor against a local governmental entity or its employees was subject to the one-year limitation period in section 8–101 or the eight-year repose period in section 13–212(b) of the Code. 
Ferguson 
held that section 13–212(b) applied to the minor’s cause of action until she attained the age of 18 and ceased to be a minor. However, the court concluded that, when the minor turned 18, the one-year limitation period in section 8–101 applied. Because the minor’s claim in 
Ferguson 
was not brought until after her nineteenth birthday, her claim was time-barred under section 8–101. In affirming the applicability of section 8–101 to medical malpractice claims brought by an adult against a local governmental entity, 
Ferguson 
relied upon the reasoning of the two concurring justices in 
Tosado
. The majority in 
Ferguson 
asserted: “[T]he legislature intended that section 8–101 of the Act apply ‘
broadly 
to 
any possible claim 
against a local governmental entity and its employees.’ ” (Emphases added.) 
Ferguson
, 202 Ill. 2d at 312, quoting 
Tosado
, 188 Ill. 2d at 199 (Heiple, J., specially concurring). Accordingly, the majority in 
Ferguson 
held that the one-year limitation period in section 8–101 took precedence over the eight-year repose period in section 13–212(b) when the minor became an adult. As an additional basis, the majority in 
Ferguson 
noted that, under the reasoning of the lead opinion in 
Tosado
, section 8–101 also was more specific than section 13–212(b).

Three justices dissented in 
Ferguson
, arguing, in the main, that it was section 13–212(b) that was more specific than section 8–101. In keeping with the corresponding dissent in 
Tosado
, the dissent in 
Ferguson 
argued that, under a traditional analysis focusing on the nature of the plaintiff’s cause of action rather than on the nature of the defendant, the provisions of section 13–212(b) were “far more specific than those of section 8–101, which apply to a ‘civil action’ for ‘any injury.’ ” 
Ferguson
, 202 Ill. 2d at 317 (McMorrow, J., dissenting, joined by Harrison, C.J., and Kilbride, J.).

The rationale adopted by the majority in 
Ferguson 
is dispositive of the case at bar. Regardless of whether section 13–214(a) is more specific than section 8–101 or whether section 13–214(a) was enacted more recently than section 8–101, it is the legislature’s intent that is of foremost importance. 
Collins
, 155 Ill. 2d at 111; 
Hernon
, 149 Ill. 2d at 194; 
Sylvester
, 197 Ill. 2d at 232. In 
Ferguson
, this court reached agreement as to the legislature’s intent with regard to section 8–101. According to 
Ferguson
, “the legislature intended that section 8–101 of the Act apply ‘
broadly
 to
 any possible claim 
against a local governmental entity and its employees.’ ” (Emphases added.) 
Ferguson
, 202 Ill. 2d at 312, quoting 
Tosado
, 188 Ill. 2d at 199 (Heiple, J., specially concurring). Given the breadth of this intent, we conclude, in keeping with 
Ferguson
, that the comprehensive protection afforded by section 8–101 necessarily controls over other statutes of limitation or repose. Under the plain language of section 8–101, “[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.” 745 ILCS 10/8–101 (West 1998). In the case at bar, the one-year limitation period in section 8–101 of the Tort Immunity Act controls over the four-year limitation period in section 13–214(a) of the Code, and applies to plaintiff’s claim against the District. Accordingly, count I of plaintiff’s amended complaint is time-barred.

CONCLUSION

The appellate court erred in reversing the circuit court’s dismissal of count I of plaintiff’s amended complaint pursuant to section 8–101 of the Tort Immunity Act. We reverse the judgment of the appellate court and affirm the judgment of the circuit court dismissing count I of plaintiff’s amended complaint.

Appellate court judgment reversed;

circuit court judgment affirmed.

JUSTICE FITZGERALD, dissenting:

 The rationale upon which the majority relies–that section 8–101 applies “broadly to any possible claim against a local governmental entity and its employees” and that “the comprehensive protection afforded by section 8–101 necessarily controls over other statutes of limitations”–was previously tempered by its context in 
Tosado
 and our subsequent decision in 
Ferguson
. Today’s decision unjustifiably expands this rationale into a universal statement applicable to every claim against a local government or its employee. As such, this opinion holds that the legislature lacks authority to create exceptions to their own pronouncements. Because the majority departs from well-worn paths of statutory construction by failing to give effect to the “body politic” language of section 13–214 of the Code (735 ILCS 5/13–214(a) (West 2002)), I dissent.

We described these well-worn paths in 
Ferguson v. McKenzie
, 202 Ill. 2d 304 (2001). While a determination of legislative intent remains the primary inquiry, “[w]here there is an alleged conflict between two statutes, a court has a duty to interpret those statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible.” 
Ferguson
, 202 Ill. 2d at 311-12, citing
 McNamee v. Federated Equipment & Supply Co.
, 181 Ill. 2d 415 (1998) (and cases cited therein); 
People ex rel. Moore
 
v. Chicago, Burlington & Quincy R.R. Co.
, 414 Ill. 419 (1953). In this context, we then noted, “the legislature intended that section 8–101 of the Act apply ‘broadly to any possible claim against a local governmental entity and its employees.’ ” 
Ferguson
, 202 Ill. 2d at 312, quoting 
Tosado
, 188 Ill. 2d at 199 (Heiple, J., specially concurring); 188 Ill. 2d at 198 (Freeman, C.J., specially concurring). In the penultimate sentence of the opinion, we carefully reiterated, “ ‘[w]hen two legislative schemes do not seem completely compatible, they should be interpreted so that meaning and effect is given to each statute.’ ” 
Ferguson
, 202 Ill. 2d at 314, quoting 
Stephens v. Cozadd
, 159 Ill. App. 3d 452, 456 (1987).

With these principles in mind, we restricted the repose period of section 13–212(b) of the Code to exclude governmental defendants once a minor attained 18 years of age. 
Ferguson
, 202 Ill. 2d at 313. Such an interpretation did not render section 13–212(b)’s repose period superfluous. Rather, it restricted the meaning of the phrase “any physician” in section 13–212(b) to give effect to section 8–101 of the Act.

But it is not true we decided that the Tort Immunity Act automatically trumped the Code. The 
Ferguson
 majority restricted the Tort Immunity Act by allowing an exception to the one-year provision of section 8–101. We stated,

“a party must comply with 
both
 section 13–212(b) of the Code and section 8–101 of the Tort Immunity Act.

In this case, [the minor], by operation of section 13–212(b) of the Code, was afforded an additional seven months, until she reached 18 years of age, before the one-year limitations period of section 8–101 of the Tort Immunity Act began to run.” (Emphasis in original.) 
Ferguson
, 202 Ill. 2d at 313.

We therefore restricted the meaning of the phrase “any action” in section 8–101 to give effect to section 13–212(b). Therefore, the contrary provision of section 13–212(b) trumped section 8–101 before the minor reached 18. Thus, there remained factual situations in which both statutes could be given effect.

Nor is it true that 
Ferguson
 concluded that “the comprehensive protection afforded by section 8–101 necessarily controls over other statutes of limitation or repose.” Slip op. at 9. This statement was contained solely in Justice Heiple’s special concurrence in 
Tosado
 (
Tosado
, 188 Ill. 2d at 199-200 (Heiple, J., specially concurring)), but was not repeated in 
Ferguson
. Additionally, it is an overstatement of Justice Heiple’s rationale in 
Tosado
. Justice Heiple’s reasoning in his special concurrence in 
Tosado
 provided,

“By its very nature then, section 8–101 was designed to apply broadly to any possible claim against a local governmental entity and its employees. This type of comprehensive protection necessarily controls over other statutes of limitations. 
Nothing suggests 
the legislature intended to abandon this scheme with respect to medical malpractice actions.” (Emphasis added.) 
Tosado
, 188 Ill. 2d at 199-200 (Heiple, J., specially concurring).

In 
Tosado
 and 
Ferguson
 there was no express statutory term to be nullified. Here, in contrast, the presence of the “body politic” term in section 13–214 suggests the legislature intended to limit the Act with respect to construction actions.

Moreover, the Tort Immunity Act itself does not evince a categorical legislative intent that section 8–101 necessarily controls over other express statutes of limitations. Section 2–101 of the Act excludes certain claims from the Act. 745 ILCS 10/2–101 (West 2002). These exceptions include actions for relief other than damages, actions based on contract, and actions based on the Worker’s Compensation Act. 745 ILCS 10/2–101 (West 2002). The legislature intended for the statutes of limitation for claims listed in the enumerated exceptions of section 2–101 to remain intact. For example, we held in 
Raintree Homes, Inc. v. Village of Long Grove
, 209 Ill. 2d 248 (2004), that the legislature did not intend that section 8–101 bar plaintiff’s claim for relief other than damages. Therefore, we implicitly restricted section 8–101’s use of the term “any action” to give effect to the enumerated exceptions in section 2–101. Accordingly, this court could not have applied the conclusion that “the comprehensive protection afforded by section 8–101 necessarily controls over other statutes of limitations or repose” while also allowing plaintiff’s claim to survive.

Today’s decision departs from 
Ferguson
 by determining the Act to be so broad that it wholly nullifies contrary statutory language. The first sentence of Code section 13–214 defines “person” as “any individual, any business or legal entity, or any 
body politic
.” (Emphasis added.) 735 ILCS 5/13–214 (West 1998). The next sentence provides:

“(a) Actions based upon tort, contract or otherwise against any 
person
 for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 
4 years
 from the time the person bringing the action, or his or her privity, know or reasonably should have known of such act or omission.” (Emphases added.) 735 ILCS 5/13–214(a) (West 1998).

The majority’s interpretation violates the court’s duty to give effect to both statutes by nullifying the “body politic” language for actions sounding in tort. The “body politic” language is superfluous because there remain no factual situations where it may be given effect. Furthermore, this interpretation violates this court’s decision in 
Jahn
, which observed that where two statutes are in direct conflict, “the more recent enactment generally will prevail as the later expression of legislative intent” (
Jahn
, 163 Ill. 2d at 282) because section 13–214 of the Code was enacted after section 8–101 of the Act. See also 
Ferguson
, 202 Ill. 2d at 317-18 (McMorrow, J., dissenting, joined by Harrison, C.J., and Kilbride, J.). Apparently, the majority today abandons judicial restraint by declaring that the legislature did not mean what the plain language of the statute imports.

The majority opinion also inflicts significant harm to other statutory provisions beyond the present matter. The majority conceivably abrogates every specific statute of limitations “applying broadly to any possible claim” against a local governmental entity or its employee despite contrary statutory provisions. I see little reason why the majority’s sweeping conclusion that “the comprehensive protection afforded by section 8–101 necessarily controls over other statutes of limitations or repose” would not overrun the remaining provisions of section 13–204(a) applying to actions for “contract or otherwise” against a local governmental entity. 735 ILCS 5/13–214(a) (West 2002). Furthermore, this categorical holding could even 
extend
 the time for filing “any possible claim” against a local government or employee where express language is to be nullified. For example, the time for filing a claim for administrative review would be extended from 35 days (735 ILCS 5/3–103 (West 2002)) to one year; the time for filing an open meetings claim would be extended from 60 days (5 ILCS 120/3 (West 2002)) to one year. I do not mention these examples to forecast future holdings of this court based on today’s decision, but rather to demonstrate the absurdity of reading 
Ferguson 
in light of only two sentences derived from Justice Heiple’s special concurrence in 
Tosado
.

Thus, the majority’s holding is a sharp departure from 
Ferguson
 and traditional modes of statutory construction. Here, I would follow established authority to restrict the meaning of “any action” in section 8–101 of the Act in this factual situation and give effect to the “body politic” phrase of section 13–214 of the Code. Because it is reasonably possible to give effect to both section 8–101 and section 13–214, I would affirm the judgment of the appellate court.

JUSTICES KILBRIDE and RARICK join in this dissent.