832 N.E.2d 835 (2005)
358 Ill. App.3d 347
295 Ill.Dec. 385
METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, a Unit of Local Government, Plaintiff-Appellant,
v.
CIVIL SERVICE BOARD OF the METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, Pamela E. Hill, Chairman, R. Matthew Simon, Member, Terrence J. Walsh, Member, and Robert V. Wysocki, Defendants-Appellees.
No. 1-04-1522.
Appellate Court of Illinois, First District, Second Division.
March 1, 2005.
Rehearing Denied July 26, 2005.
*837 Michael G. Rosenberg, by Robert L. Abraham and James B. Murray, Jr., Chicago, for Appellant.
Gregory J. Bueche, Warrenville, for Appellees.
Justice HALL delivered the opinion of the court:
The central issue in this case is whether relevant sections of the Metropolitan Water Reclamation District Act (Act) (70 ILCS 2605/1 et seq. (West 1994)), together with Personnel Rule 7.046, give plaintiff, Metropolitan Water Reclamation District of Greater Chicago (District), the authority to administer a promotional examination to create a new "eligible list" from which to fill a vacancy, rather than fill the vacancy from an eligible list in force at the time the vacancy opened. We hold that the District does not possess such statutory authority.

BACKGROUND
On May 12, 2000, the District held a promotional exam for the position of engineer of treatment plant operations I (ETPO I). On June 14, 2000, the District posted a "final eligible list" consisting of the names of eight candidates who passed the exam. The list was to remain in force for a period of three years pursuant to section 4.7 of the Act. Defendant Robert V. Wysocki, a supervising electrical engineer for the District, was included on the list.
The list comprised three categories: category A (exceptionally well qualified), category B (well qualified), and category C (qualified). Wysocki placed in category "C." The candidates were also interviewed and afterwards they were given numerical ranks based on the results of their interviews. Wysocki ranked fifth out of eight.
In the proceeding months and years, three of the top candidates from the list were appointed to fill available ETPO I positions. On July 20, 2000, one of the candidates from the list retired. Approximately two years later, on June 12, 2002, an operations ETPO I position became vacant.
*838 Shortly thereafter, two more candidates from the list retired, leaving only two candidates on the list for the ETPO I vacancy, one of whom was Wysocki. On July 15, 2002, an engineer transferred from his position in order to fill the ETPO I position that became vacant back on June 12, 2002. The engineer's transfer created the vacancy at issue in this case, for the position of maintenance ETPO I.
In August and September of 2002, Wysocki wrote the director of personnel, inquiring about the vacancy. The director responded that the appointment to fill the vacancy would not be made from the original list containing Wysocki's name; rather, it would be made from a list created from the results of a subsequent promotional exam.
On November 8, 2002, the District held the promotional exam. Wysocki elected not to take the exam. After the exam, the District posted a merged list, consisting of the two names on the original list and the names of candidates who passed the latest promotional exam. On the merged list, Wysocki again placed in category "C." The District then conducted interviews of the candidates from the merged list. Wysocki did not participate in the interviews.
On January 7, 2003, the District's general superintendent, appointed James L. Cutler to fill the vacant position. Cutler was one of the candidates who passed the promotional exam given on November 8, 2002.
In response to Cutler's appointment, Wysocki filed an appeal with the District's Civil Service Board (Board), appealing the District's decision to administer the second promotional exam and appoint Cutler. In his appeal, Wysocki requested the Board to order the District to appoint the most qualified candidate from the original list that was in effect on the date the maintenance ETPO I position became vacant (July 15, 2002). He also requested that the appointment be made retroactive to the date of the vacancy.
On July 16, 2003, the Board issued a decision directing the District to "fill the June 12, 2002 vacancy from the ETPO I eligible list as it existed on that date." In response, the District filed a petition for rehearing, arguing that Wysocki lacked standing to challenge Cutler's appointment. The District also argued that the Board's decision was moot where Wysocki's eligibility for appointment consideration expired on June 14, 2003, when the original eligibility list expired and he declined to participate in the subsequent selection process.
On September 22, 2003, the Board issued a supplemental order denying the District's petition, but acknowledging that the disputed ETPO I position actually became vacant on July 15, 2002, not on June 12, 2002, as stated in its original decision. The Board then directed the District to "fill the July 15, 2002 vacancy from the ETPO I eligible list as it existed on that date."
The District filed a complaint for administrative review with the circuit court, seeking reversal of both the Board's July 16, 2003, decision and its supplemental order of September 22, 2003. On April 27, 2004, the circuit court issued an order affirming both the Board's decision and supplemental order.
On May 6, 2004, Wysocki filed a separate mandamus action in the circuit court, seeking an order compelling the District to appoint either him or Mary Moscinski to the disputed ETPO I position, and if he was appointed, for an award of back pay and benefits. The mandamus action was assigned to Judge Bernetta D. Bush.
On May 21, 2004, the District filed its notice of appeal, and, four days later, it filed a motion to stay enforcement of the *839 circuit court's order. Shortly thereafter, on June 1, 2004, in Judge Bush's court, the District filed a motion under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)), to dismiss the mandamus action.
In the motion to dismiss, the District argued that if Wysocki wanted to compel the District to comply with the circuit court's order, he should have raised the issue either in the circuit court proceeding or in response to the District's motion to stay enforcement. In regard to the issues of back pay and benefits, the District asserted that Wysocki should have raised these issues in the circuit court proceeding. Finally, the District argued that even if the Board's decision and supplemental order were affirmed on appeal, there is no guarantee that Wysocki would be appointed over Mary Moscinski. Judge Bush granted the District's motion to dismiss the mandamus action on August 4, 2004.
On August 17, 2004, this court granted the District's motion for stay of judgment. The order was subsequently vacated on September 24, 2004, and shortly thereafter, on October 1, 2004, the District appointed Wysocki to the disputed ETPO I position.

ANALYSIS

I. Jurisdiction
Before addressing the merits of the case, we first address Wysocki's contention that this court lacks jurisdiction to hear this appeal on the ground that the circuit court's order of April 27, 2004, was not a final order. Wysocki argues that the order was not final because, during the interim between the time the order was issued and the notice of appeal was filed, he filed his mandamus action, which remained unresolved and pending. We must reject Wysocki's argument.
Appellate jurisdiction is limited to review of final judgments, unless an exception is provided by statute or supreme court rule. Trunek v. Industrial Comm'n, 345 Ill.App.3d 126, 127, 280 Ill. Dec. 747, 802 N.E.2d 1268 (2003). An order is final and appealable "if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." In re Marriage of Verdung, 126 Ill.2d 542, 553, 129 Ill.Dec. 53, 535 N.E.2d 818 (1989). "`A final order is one which sets or fixes the rights of a party.'" In re A.H., 207 Ill.2d 590, 594, 280 Ill.Dec. 290, 802 N.E.2d 215 (2003), quoting In re Curtis B., 203 Ill.2d 53, 59, 271 Ill.Dec. 1, 784 N.E.2d 219 (2002).
In this case, the circuit court's order of April 27, 2004, fixed the rights of the parties brought into question by Wysocki's appeal. In his appeal, Wysocki requested the Board to order the District to appoint the most qualified candidate from the list in force on the date the disputed ETPO I position became vacant. He also requested that the appointment be made retroactive to the date of the vacancy.
In accordance with these requests, the Board issued a supplemental order on September 22, 2003, directing the District to "fill the July 15, 2002 vacancy from the ETPO I eligible list as it existed on that date." Afterwards, on April 27, 2004, the circuit court entered an order affirming the Board's supplemental order. At the time the circuit court entered its order, Wysocki had not raised the issues of retroactivity, back pay, or benefits, and none of the issues raised in his appeal or on administrative review were left open or held over by the circuit court, and nothing remained except execution of the court's judgment. Therefore, the circuit court's order of April 27, 2004, was final and appealable.

*840 II. Request to Strike
Another initial matter that must be addressed is Wysocki's claim that the District's brief should be stricken on the ground that the statement of facts contains improper commentary and argument in violation of Supreme Court Rule 341(e)(6) (134 Ill.2d R. 341(e)(6)). Wysocki's claim is meritless.
First, Wysocki fails to specify the particular facts in the District's brief he finds objectionable. Second and finally, the District's statement of facts includes appropriate references to the record and is generally accurate and free of argument. Although the statement of facts contains a few assertions that are not clearly supported by the record, such as, for example, the District's claim that Cutler was the best person to fill the vacancy, such statements do not hinder our review. See Cottrill v. Russell, 253 Ill.App.3d 934, 938, 192 Ill.Dec. 733, 625 N.E.2d 888 (1993). We will disregard any unsupported assertions. See Merrifield v. Illinois State Police Merit Board, 294 Ill.App.3d 520, 527, 229 Ill.Dec. 255, 691 N.E.2d 191 (1998).

III. Administrative Review
Turning to the merits, the District contends that pursuant to sections 4.7 and 4.11 of the Act and Personnel Rule 7.046, if an eligible list exists at the time a vacancy opens, the District is not limited to filling the vacancy from that list, but can instead administer a subsequent promotional examination in order to create a new list from which to fill the vacancy. We must reject the District's contention.
In reviewing a final decision under the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2002)), this court reviews the administrative agency's decision and not the circuit court's determination. XL Disposal Corp. v. Zehnder, 304 Ill.App.3d 202, 207, 237 Ill.Dec. 307, 709 N.E.2d 293 (1999). In this case, the Board is the agency whose determinations will be reviewed. Upon review, an agency's findings of fact are deemed to be prima facie true and correct and will be affirmed unless they are against the manifest weight of the evidence. Launius v. Board of Fire & Police Commissioners, 151 Ill.2d 419, 427, 177 Ill.Dec. 407, 603 N.E.2d 477 (1992).
An agency's conclusions of law, however, are reviewed de novo. Envirite Corp. v. Illinois Environmental Protection Agency, 158 Ill.2d 210, 214, 198 Ill.Dec. 424, 632 N.E.2d 1035 (1994). In this case, we review de novo the Board's interpretation of relevant sections of the Act and Personnel Rule 7.046. See, e.g., Lo v. Provena Covenant Medical Center, 342 Ill. App.3d 975, 982, 277 Ill.Dec. 521, 796 N.E.2d 607 (2003) (holding that interpretations of bylaws, regulations, and statutes are questions of law subject to de novo review). Generally, courts accord deference to an agency's interpretation of a statute the agency is charged with administering. West Belmont, L.L.C. v. City of Chicago, 349 Ill.App.3d 46, 49, 284 Ill.Dec. 925, 811 N.E.2d 220 (2004). However, an agency's statutory interpretation is not binding on a reviewing court and will be rejected if it is unreasonable or erroneous. Press v. Code Enforcement Board of Appeals, 149 Ill.2d 281, 285, 172 Ill.Dec. 398, 595 N.E.2d 1068 (1992).
A reviewing court's primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill.2d 1, 6-7, 289 Ill.Dec. 625, 820 N.E.2d 401 (2004). The statutory language itself is the best indicator of legislative intent. Paszkowski, 213 Ill.2d at 7, 289 Ill.Dec. 625, 820 N.E.2d 401. The language of the statute should be examined as a whole, with each section considered in relation to one another. Antunes v. Sookhakitch, 146 *841 Ill.2d 477, 484, 167 Ill.Dec. 981, 588 N.E.2d 1111 (1992). Where the language is clear and unambiguous, the statute should be applied without resort to aids of statutory construction. Paszkowski, 213 Ill.2d at 7, 289 Ill.Dec. 625, 820 N.E.2d 401.
In this case, construing the language contained in relevant sections of the Act, together with Personnel Rule 7.046, indicates that these provisions did not give the District the statutory authority to administer a subsequent promotional examination in order to create a new list from which to fill the vacant ETPO I position, where a list containing the names of successful candidates for that position already existed.
The District asserts that section 4.7 of the Act gives the director of personnel the authority to conduct an examination whenever he believes it is necessary to provide the general superintendent (appointing officer) with a sufficient number of eligible candidates. The District goes on to argue that pursuant to section 4.11 of the Act, a sufficient number of eligible candidates is at least five. These sections of the Act do not support the District's arguments.
Section 4.7 of the Act states in relevant part:
"The Director shall, by rule, provide for and shall hold sufficient number of examinations to provide a sufficient number of eligibles on the register for each grade of position in the classified civil service, and if any place in the classified civil service shall become vacant, to which there is no person eligible for appointment, he shall hold an examination for such position and repeat the same, if necessary, until a vacancy is filled in accordance with the provisions of this Act." 70 ILCS 2605/4.7 (West 1994).
The language in section 4.7 of the Act clearly shows that when a vacancy occurs in a position the District intends to fill, the director shall hold an examination to fill the vacancy only in instances where there is no person eligible for appointment. In this case, when the vacancy at issue occurred, there were two persons on the list eligible for appointment, and therefore, section 4.7 did not authorize the director to administer a subsequent examination in order to create a new list from which to fill the vacant ETPO I position.
The District also contends that since there were only two candidates remaining on the eligible list when the vacancy occurred, the director was therefore authorized to conduct a subsequent examination to create a new list from which to fill the vacancy, where section 4.11 of the Act expresses a preference for providing the appointing authority with at least five candidates to choose from when making an appointment. Again, the language in section 4.11 does not support the District's position.
Section 4.11 states in relevant part:
"Whenever a position classified under this Act is to be filled * * * the appointing officer shall make requisition upon the Director, and the Director shall certify to him from the register of eligibles for the position the names and addresses (a) of the five candidates standing highest upon the register of eligibles for the position, or (b) of the candidates within the highest ranking group upon the register of eligibles if the register is by categories such as excellent, well qualified, and qualified, provided, however, that any certification shall consist of at least 5 names, if available." 70 ILCS 2605/4.11 (West 1994).
The District maintains that even though the term "if available" contained in section 4.11 allows the general superintendent to make appointments where there are less than five certified candidates, this section does not mandate that an appointment *842 must be made when a vacancy exists and there are less than five candidates. The District's argument appears to be based on a misconception of Wysocki's argument.
Wysocki does not argue that an appointment must be made when a vacancy exists; he merely contends that when a vacancy occurs in a position that the District intends to fill, and an eligible list is in effect, the District should appoint the most qualified candidate from that list, rather than administer a subsequent examination to create a new list from which to fill the vacancy. We agree.
Where a list containing the names of successful candidates for a vacant position already exists, section 4.11 does not give the director the authority to ignore that list or delay filling a vacancy in order to conduct a subsequent examination to create a new list from which to fill that vacancy. Section 4.11 of the Act makes reference to an examination only in that part of the section where it discusses the procedure to be followed when there is no eligible list in effect, providing in relevant part:
"When there is no eligible list, the appointing officer may, with the authority of the Director, make a temporary appointment to remain in force only until a permanent appointment from an eligible register or list can be made in the manner specified in the previous provisions of this Section, and examinations to supply an eligible list therefor shall be held and an eligible list established therefrom within one year from the making of such appointment." 70 ILCS 2605/4.11 (West 1994).
Accordingly, we construe section 4.11 of the Act as allowing the director to conduct examinations to create a new eligible list from which to fill a vacancy, only when no eligible list for that position is in effect. Therefore, under section 4.11, if the District intended to fill the vacancy during the time the original eligible list was still in force, then Wysocki's name and the name of the other eligible candidate, Mary Moscinski, should have been certified to the general superintendent as the two persons standing highest on the list. See, e.g., Carter v. City of Pawtucket, 115 R.I. 134, 138, 341 A.2d 53, 56 (1975) (holding that vacancy should be filled pursuant to eligible list in effect at time vacancy occurred).
The District also claims that pursuant to Personnel Rule 7.046, which permits the District to replenish an eligible list, the director was authorized to conduct a subsequent examination in order to provide the general superintendent with the names of at least five candidates as called for in section 4.11 of the Act. Personnel Rule 7.046 provides:
"Any eligible list may be replenished from time to time by the addition of names of candidates who have passed examinations subsequently given for the class of positions to which the eligible list applies. Such persons shall take rank or be placed in the appropriate category upon the eligible list as determined by examinations, without preference as to priority of time of examination."
This rule does not support the District's position. Personnel Rule 7.046 makes reference only to an eligible list, not to an eligible list that has been certified as in section 4.11 of the Act. There is a difference between an eligible list and an eligible list that has been certified. Not all candidates on an eligible list are certified.
Pursuant to section 4.11 of the Act, whenever a position is to be filled, the general superintendent makes requisition upon the director, who in turn certifies names from an eligible list. Therefore, a certified eligible list is the only list an appointing officer can rely upon in filling a vacancy. Since Personnel Rule 7.046 only makes reference to an eligible list and not *843 to a certified eligible list, this rule cannot be read together with section 4.11 of the Act to give the District the statutory authority to disregard an existing certified eligible list and conduct a subsequent promotional examination to create a new list from which to fill a vacancy.
Moreover, if we held that vacancies which opened before an eligible list expired could be filled from a list not yet in existence, this would adversely affect the fairness and predictability of the civil service system and make it possible for employers to engage in the kind of selective promotions the civil service statutes were enacted to abolish. See, e.g., Glenn v. City of Chicago, 256 Ill.App.3d 825, 833, 195 Ill.Dec. 380, 628 N.E.2d 844 (1993) (recognizing that "a fundamental purpose of a civil service system is to remove employment from the patronage system").
If the District believed it was important to provide the general superintendent with at least five names to choose from when making an appointment to fill the vacancy, then the director of personnel could have held promotional examinations well in advance of the vacancy in order to ensure that at the time the vacancy opened there was a larger pool of available candidates. The District cannot wait until after a vacancy opens to decide whether an existing eligible list is satisfactory. In cases such as this, the only area a director of personnel can exercise his discretionary authority is in his ability to expand an eligible list prior to a vacancy occurring.
The District also asserts that Personnel Rule 7.046, together with section 4.11 of Act, provides the general superintendent with the flexibility to appoint the best person for the job. The District's assertion is unpersuasive. An employee's ranking on a certified eligible list created from the results of a competitive promotional examination establishes the employee's ability to perform the job.

IV. Mootness
Finally, we reject Wysocki's assertion that this appeal is moot. The District claims that if this court reverses the circuit court's order of April 27, 2004, the District believes that such a ruling would allow it to remove Wysocki from the disputed ETPO I position and return him to his prior position. Under these circumstances, the appeal is not moot. See Hill-Vincent v. City of Chicago, 93 Ill.App.3d 1033, 1037, 49 Ill.Dec. 498, 418 N.E.2d 142 (1981) (appeal not moot where plaintiff could be reassigned to her former position).
Accordingly, for the reasons set forth above, the judgment of the circuit court affirming the Board's July 16, 2003, decision and supplemental order of September 22, 2003, is affirmed.
Affirmed.
WOLFSON and GARCIA, JJ., concur.