SIXTH DIVISION
October 6, 2006

No. 1-05-0491

| | | |
|---|---|---|
| CATHERINE TUCHOWSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH M. ROCHFORD, | ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendant-Appellee. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

Catherine Tuchowski sold her home in November 2000. In November 2003 she sued Elizabeth Rochford, the attorney who represented her at the closing on her home, for legal malpractice. Tuchowski claimed that she did not discover until 2003 that Rochford had included in the sale of the home a largely vacant adjacent lot that Tuchowski hoped to sell separately. The trial court held that Tuchowski should have known at the time of the sale that she had sold the vacant lot because the closing documents Tuchowski signed included references to that lot. We hold that Tuchowski adequately alleged facts from which a trier of fact could infer that Tuchowski reasonably relied on her attorney when she signed the documents without reading them. Because we cannot say as a matter of law that Tuchowski should have known of the sale more than two years before she filed her complaint, we reverse the judgment entered in favor of Rochford and remand for further proceedings on the complaint.

BACKGROUND

When Tuchowski bought a condominium in 1999, she hired Rochford to represent her. Rochford also represented Tuchowski's daughter when the daughter sold some real estate. In 2000 Tuchowski sought to sell a house she owned in Chicago. Again she asked Rochford to represent her. Tuchowski owned three adjoining lots. The house stood on two of the lots, while the third lot held only a shed and an outdoor grill. In September 2000 Bridget and Brock Merck signed a contract to purchase, for $575,000, the house and the two lots on which the house stood. In a letter to the Mercks' attorney, Rochford offered to amend the contract to provide for the sale of all three lots. The letter does not indicate that Rochford sent any copy to Tuchowski.

On November 30, 2000, Tuchowski signed all the forms necessary to close the sale of her house. She signed a trustee's deed for the property. Three lines above her signature, the deed includes a single line that reads, in small print:

"Permanent Real Estate Index Number(s): 10-32-120-034 / 10-32-120-035 / 10-32-120-036."

In October 2001 Tuchowski named Rochford successor trustee to take control of Tuchowski's assets in trust upon Tuchowski's death.

In September 2002 Tuchowski asked Rochford about the status of the third lot of her property, the one which stood nearly

vacant. Tuchowski also asked for a copy of the sales contract for the other two lots. A year later, on September 3, 2003, Rochford wrote to Tuchowski that she no longer had a copy of the sales contract. Tuchowski obtained a copy of the contract and the deed from another source.

On November 24, 2003, Tuchowski sued Rochford for legal malpractice and breach of contract. Two days later Tuchowski amended her trust to remove Rochford as successor trustee.

Rochford moved to dismiss the complaint as untimely. The trial court granted the motion but gave Tuchowski leave to amend. In September 2004 Tuchowski filed a second amended complaint in which she alleged that Rochford knew that the owners of the property next to the nearly vacant lot had offered Tuchowski $125,000 for that lot. Tuchowski was 77 years old when she closed on the sale of her property in November 2000. At the closing Rochford directed Tuchowski to sign all the documents, including the deed, to complete the transaction as quickly as possible, so that Rochford could go to a closing on another property. Tuchowski alleged that she did not read the deed or other documents. She relied on Rochford.

Rochford supported her motion to dismiss the second amended complaint with her own affidavit. She swore that Tuchowski asked her to amend the contract for sale of the real estate to include the nearly vacant lot. Tuchowski answered with an affidavit in which she swore that she specifically instructed Rochford to

limit the sale to the Mercks to the two lots with the house.  She never told Rochford to alter the contract to include the third lot.  She told Rochford that other buyers had offered her $125,000 for the third lot.

The trial court dismissed the second amended complaint with prejudice, pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2000)), because the court found that Tuchowski failed to file her complaint within two years of the date on which she should have known that Rochford had altered the contract to make it a sale of all three lots. See 735 ILCS 5/13-214.3 (West 2000). The court said:

> "[Tuchowski] was at the closing, the closing documents
> are there, they describe the property that was being
> sold. ***
>
>     ***
>
>     *** It is her responsibility to look at the
> documents."

Tuchowski now appeals.

ANALYSIS

We review *de novo* the dismissal of the complaint under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2000)).  Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill. 2d 1, 6 (2004).  We interpret all pleadings and supporting documents in the light most favorable to Tuchowski, the nonmoving party.  Paszkowski,

213 Ill. 2d at 5.  The court should deny the motion to dismiss unless the court can say, as a matter of law, that the plaintiff should have known of her injury and wrongful causation more than two years before she filed her lawsuit.  735 ILCS 5/13-214.3 (West 2000); Weidman v. Wilkie, 277 Ill. App. 3d 448, 456 (1995).

Usually courts hold parties responsible for knowing the contents of documents they have signed.  See Breckenridge v. Cambridge Homes, Inc., 246 Ill. App. 3d 810, 819 (1993).  However, under certain circumstances, especially in cases involving fiduciary relationships (see Prueter v. Bork, 105 Ill. App. 3d 1003, 1006 (1982)), courts have excused ignorance of the content of such signed documents.

In Breck v. Moore, 910 P.2d 599 (Alaska 1996), the plaintiff sued the attorney who represented him when the plaintiff purchased his home in 1981.  In the complaint filed in 1990, the plaintiff alleged that the attorney failed to notify him of significant restrictions on the title to the property.  The attorney moved to dismiss the complaint based on the statute of limitations.  The trial court denied the motion, finding that the plaintiff adequately alleged that he discovered the restrictions in 1989.  On appeal the attorney again argued that the plaintiff's receipt of closing documents in 1981 put him on notice of the restrictions shown in those documents.  The court held:

"The discovery rule takes into account the

sophistication of the plaintiff in the particular area
of knowledge. [Citations.] *** [I]t might be
reasonable for an insured to rely on an insurance
broker's statements about the scope of coverage, rather
than reading and interpreting the detailed language of
the exclusionary clauses. [Citation.] *** [The
plaintiff] acted reasonably in relying on [his
attorney] and the real estate agents to review the
documents and identify problems." Breck, 910 P.2d at
605-06.

Illinois courts have reasoned similarly. In Melvin State
Bank v. Crowe, 97 Ill. App. 2d 82 (1968), the defendant invested
money in a business Crowe ran and she later signed a guarantee
for a loan Crowe took from the plaintiff bank. The bank sued
Crowe and the defendant to recover the loan. The defendant
countersued to recover her investment in the business. The
defendant testified that she did not read the papers she signed
at the bank concerning the investment and the guarantee. Crowe,
97 Ill. App. 2d at 89. She relied on the bank's representations
concerning the value of the investment and the need to sign the
other papers. Crowe, 97 Ill. App. 2d at 95. The trial court
entered a judgment in favor of the bank on the guarantee and on
the countersuit for the lost investment.

On appeal the bank argued that the defendant could not avoid
the effect of the guarantee because she had "a full opportunity

to read the instrument."  <u>Crowe</u>, 97 Ill. App. 2d at 96.  The appellate court answered:

> "[A] false representation by an experienced banker ***
> is calculated to disarm an inexperienced person. ***
> [I]t affirmatively appears that the judgment note was
> not explained to [the defendant].  *** [I]t is obvious
> that she did not understand the matter of the guarantee
> ***."  <u>Crowe</u>, 97 Ill. App. 2d at 96.

The court reversed the judgment for the bank on the guarantee and on the countersuit, and remanded for a new trial to focus on the issue of the bank's fiduciary duties to the defendant.  <u>Crowe</u>, 97 Ill. App. 2d at 97-100.

Here, Rochford had fiduciary duties as Tuchowski's attorney.  <u>In re Marriage of Pagano</u>, 154 Ill. 2d 174, 185 (1992).  Tuchowski alleged that she did not read the deed and other documents she signed at the closing.  She relied on Rochford when she signed those documents.  Rochford told her to sign quickly because Rochford needed to attend another closing.  After the closing Tuchowski did not look for the documents until September 2002, when she asked Rochford about the status of the third lot.  She did not discover that she had sold the third lot until she obtained copies of the closing documents after September 3, 2003.  She filed this lawsuit in November 2003.

Rochford stresses that when Tuchowski signed the deed she signed only three lines below a line that showed three separate

index numbers for the deeded property.  Rochford argues that Tuchowski must have seen the line and she must have deduced that the deed gave the Mercks title to all three lots.  We agree that the deed can support an inference that Tuchowski should have known, when she signed the deed, that the deed referred to all three lots.  However, we find that some rational triers of fact might not reach that same inference from the evidence as a whole.  Taking into account the size of the typeface, Tuchowski's age and sophistication, and the time constraints Rochford placed on her, a trier of fact may believe that Tuchowski either did not see the line at issue, or she did not understand the special significance of the sequence of digits, slashes, dashes and spaces on that line.  We cannot say, as a matter of law, that Tuchowski should have known, before November 2001, that contrary to her explicit request, Rochford added the third lot to the property sold to the Mercks.  We find that the allegations and the affidavit could support a finding that Tuchowski did not know of the malpractice before November 2001.

Rochford contends that we should affirm the judgment in her favor, without considering the statute of limitations, because Tuchowski did not adequately allege that Rochford breached her duties to Tuchowski, or that the breach proximately caused damages.  See Sorenson v. Law Offices of Theodore Poehlmann, 327 Ill. App. 3d 706, 707 (2002).  Tuchowski attached to her complaint a contract in which the Mercks agreed to pay Tuchowski

$575,000 in exchange for the two lots on which her house stood. She told Rochford she wished to sell only the two lots to the Mercks. Tuchowski alleged, with supporting documents, that Rochford altered the contract, without providing notice to Tuchowski, to provide for the sale of all three lots for the same price the Mercks had offered for the two lots. We find the allegations sufficient to support an inference that Rochford breached her duties as Tuchowski's attorney and she breached her contract to represent Tuchowski's interests.

Tuchowski alleged that her neighbors offered her $125,000 for the third lot, and Rochford obtained nothing from the Mercks in exchange for the third lot. We find the allegations sufficient to support an inference that the breach of duties as a lawyer, and of the contract to represent Tuchowski, caused Tuchowski to lose $125,000. The complaint sufficiently states a cause of action for legal malpractice and breach of contract.

The parties offered conflicting evidence concerning their interactions before the sale. A trier of fact who found Tuchowski credible could conclude that Tuchowski did not know before November 2001 that Rochford included the third lot in the sale of Tuchowski's property to the Mercks. The trier of fact might find that Tuchowski's reliance on her attorney provided reasonable grounds for failing to read the documents she signed at the closing. Thus, the trier of fact could conclude that Tuchowski filed her claims against Rochford within the period

permitted by the statute of limitations.  As the complaint sufficiently states claims for legal malpractice and breach of contract, we reverse the judgment entered in favor of Rochford and we remand for further proceedings in accord with this opinion.

Reversed and remanded.

FITZGERALD SMITH, P.J., and O'MALLEY, J., concur.